CHARLES OLSEN *v.* ZONING BOARD OF APPEALS OF THE TOWN OF TORRINGTON ET AL. (3226)

SPALLONE, DALY and BIELUCH, Js.

Argued October 8—decision released November 12, 1985

*Eugene A. Marconi,* for the appellant (plaintiff).

*John P. Febbroriello,* for the appellees (defendants).

DALY, J. The individual defendants, including Barry Cone, applied for and were granted a special exception

under § 535 of the Torrington zoning regulations to construct multifamily housing in a single family residential zone. The plaintiff, Charles Olsen, an abutting landowner, appealed to the trial court from the decision of the zoning board of appeals. At the hearing for the zoning appeal, argued on January 6, 1984, the plaintiff claimed that the board violated General Statutes § 8-3c, asserting that the notice of hearing was inadequate and that the application proposal submitted and approved at the hearing differed from the one originally submitted. The trial court granted the defendants' motion to dismiss the plaintiff's appeal[1] on the ground that the plaintiff never presented for the court's consideration a copy of the zoning regulations in question, particularly § 535.[2] From this judgment, upon the granting of certification, the plaintiff has appealed to this court.

The principal issue involved in this appeal is whether the trial court erred in ruling that the zoning regulations were not a proper subject of judicial notice.[3] We find that zoning regulations may be judicially noticed and, therefore, that the trial court was in error.

The trial court granted the defendants' motion to dismiss the appeal on the ground that the record was

---

[1] In addition, the trial court denied the plaintiff's subsequent motions to open the judgment and to correct the record.

[2] Section 535 of the Torrington zoning regulations, amended as of August 23, 1980, June 30, 1981, and April 13, 1983, provides, in pertinent part: "The building of multi-family dwellings in a Restricted Residential Community Zone shall be permitted only by the Planning and Zoning Commission after a public hearing as provided in Section 230. . . . The building of multi-family dwellings in any other zone except those in which it is expressly prohibited or which building of multi-family dwellings is authorized by Section 230, may only be allowed as a Special Exception by the Zoning Board of Appeals after a public hearing in accordance with Section 604."

[3] Two other issues were claimed on appeal: (1) whether the hearing notice was adequate, and (2) whether the court in ruling on the motion to correct should have permitted the introduction of the zoning regulations in light of General Statutes § 8-8. We need not consider these issues, as a ruling on the issue of judicial notice is dispositive of the appeal.

incomplete, the zoning regulations never having been presented for the court's review on appeal. In its memorandum of decision on the appeal, the court erroneously relied on *Martin* v. *Board of Zoning Appeals,* 145 Conn. 735, 736, 143 A.2d 450 (1958), for the proposition that "[t]he trial court does not take judicial notice of zoning regulations, nor does [the Supreme] court."

In 1967, General Statutes § 52-163 was amended, superseding *Martin,* to permit courts to take judicial notice of the ordinances of any town, city or borough. Public Acts 1967, No. 353; Holden & Daly, Connecticut Evidence § 25, p. 44. As zoning regulations are municipal ordinances, the trial court should have taken judicial notice of § 535 of the Torrington zoning regulations.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.