STATE OF CONNECTICUT *v.* KURT MARSHALL
(4846)

HULL, DALY and BIELUCH, Js.

Argued May 13—decision released July 28, 1987

*James E. Swaine,* for the appellant (defendant).

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Mary Galvin,* assistant state's attorneys, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of the sale of marihuana in violation of General Statutes § 21a-277 (b). The dispositive issue of the appeal is whether the trial court erred in taking judicial notice of certain facts and in its instructions regarding those facts. We find error.

The following facts are relevant to our analysis: Sometime after conducting a surveillance and completing an undercover drug buy, the New Haven police arrested the defendant as the man from whom the marihuana was purchased. The defendant presented an alibi defense, claiming that he was at a community fair at the time of the surveillance and transaction. No evidence was presented as to the distance between the community fair and the location of the drug buy.

In its instructions to the jury, the trial court took judicial notice of its estimate of the distance between the scene of the community fair and the location of the drug buy.[1] The defendant's objection to this instruction was overruled.

---

[1] The trial court's instruction included the following: "In the evidence, I don't believe anyone ever brought out just how far [the location of the community fair] is from [the scene of the drug buy]. They are not next door

On appeal, the defendant claims that the distance between the two locations was not a proper subject for judicial notice, that the court failed to give notice of its intention to take such notice, and that the court directed the jury to find the noticed facts.

Facts which are the proper subject of judicial notice are "those which come to the knowledge of men generally in the course of the ordinary experience of life or those matters which are generally accepted by mankind as true and are capable of ready and unquestionable demonstration." *State* v. *Tomanelli,* 153 Conn. 365, 369, 216 A.2d 625 (1966). Facts which are of common knowledge, that is, facts so well known that evidence to prove them is unnecessary are proper subjects of judicial notice. Id.; see generally, B. Holden & J. Daly, Connecticut Evidence §§ 21–33. Courts have declined to take judicial notice of the distance between two streets. 31 C.J.S., Evidence § 33 (3). We conclude that it was error for the court to take judicial notice of its estimate of the distance between the two sites.

In addition, the trial court failed to give the parties an opportunity to be heard prior to taking such notice. A court should give each party such an opportunity. *State* v. *Zayas,* 195 Conn. 611, 615, 490 A.2d 68 (1985); *Moore* v. *Moore,* 173 Conn. 120, 122, 376 A.2d 1085 (1977).

---

to one another. And I say this because some of you are from other towns. But since I can take judicial notice of the fact that New Haven is a larger city than Old Lyme, I guess it's proper to tell you for whatever use you want to make of it that [the scene of the fair] is in a different neighborhood of the city, being in the Newhallville sort of area, whereas [the scene of the drug buy] is in the Hill area. And my estimate would be that they'd be about probably a mile and one half or two miles apart not an impossible walk and a very short drive."

We note that the state concedes in its brief that since the time of the trial it has been determined through the use of maps obtained from the New Haven Bureau of Engineering that the distance between the two sites is in fact 2.4 miles.

Finally, judicial notice is in no sense conclusive, and the opponent is not prevented from disputing it by offering its own evidence. *State* v. *Tomanelli,* supra, 368–69. Thus, the jury in a criminal case may, but is not required to accept the judicially noticed fact. See also Fed. R. Evid., rule 201 (g). In this case, the lack of notice prevented the defendant from disputing the distance between the two locations. In addition, the trial court's instructions did not sufficiently explain the jury's option in accepting or rejecting the fact, but rather suggested that the jury was required to accept the fact as true.

The walking or driving distance between two points can vary depending on the route travelled. Since the defendant relied heavily on an alibi defense, the trial court's instruction to the jury that, even if they believed the defendant's alibi defense, there was still the opportunity for the defendant to traverse the distance from the site of the community fair to the place of the drug sale in a relatively short time, caused an injustice.

Here, the trial court failed to give the parties an opportunity to be heard, and further failed to inform the jury that it was not obligated to accept as true the judicially noted facts. Thus, it is reasonably possible that the jury was misled as to the effect of judicial notice.

We conclude that the trial court's taking of judicial notice of the distance between the two locations was reversible error.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.