HOUSING AUTHORITY OF THE CITY OF NORWALK *v.*
RUTH ESTHER BROWN
(8723)

DUPONT, C. J., LAVERY and LANDAU, Js.

Argued June 5—decision released September 25, 1990

*Steven A. Certilman,* with whom were *John A. Amarilios* and, on the brief, *Bruce L. Lev,* for the appellant (plaintiff).

*Maurice K. Segall,* with whom, on the brief, were *Diana A. Johnston,* and *Salvatore J. Coppola,* for the appellee (defendant).

LANDAU, J. The plaintiff housing authority of the city of Norwalk appeals from the trial court's dismissal of its summary process action for lack of subject matter jurisdiction. The dispositive issue is whether the court improperly considered the plaintiff's grievance procedure as embodied in a municipal regulation concerning pretermination notices. The plaintiff argues that the trial court should not have considered the procedure because the only relevant concern in a summary process action is whether a landlord has complied with the statutorily mandated provisions for a notice to quit and summary process. General Statutes § 47a-23 et seq. In addition, the plaintiff claims that the trial court took judicial notice of an obsolete grievance procedure. The plaintiff thus claims that the trial court did have subject matter jurisdiction.

On April 20, 1989, the plaintiff issued the defendant tenant a notice of termination pursuant to its own rules and policies, informing her that she was in violation of her lease because of her failure to pay rent, that it intended to terminate her lease for nonpayment of rent, and that she had a right to an informal hearing provided that she respond within fourteen days, namely, by May 3, 1989. The day after the pretermination notice, the plaintiff served a notice to quit possession upon the defendant, informing her to vacate the premises by May 4, 1989. The defendant concedes that the notice to quit was statutorily impeccable. The defendant did not respond to either notice, and she did not yield possession of the premises by May 4.

The plaintiff filed this action in June, 1989, and in July, 1989, filed a motion to default the defendant for failing to appear. In August, 1989, the court, on its own motion, held a hearing to consider whether the plain-

tiff's issuance of the two notices within one day of each other deprived the court of subject matter jurisdiction. The defendant did not attend that hearing.[1] Further, no evidence was presented by the plaintiff or requested by the court. The court thereafter dismissed the action for lack of subject matter jurisdiction, relying primarily on a 1976 grievance procedure of the housing authority.[2]

The plaintiff claims that the trial court improperly took judicial notice of the grievance procedure because that procedure was not relevant to the subject matter jurisdiction of the court. The procedure was not mandated by the summary process statute, and, therefore, the plaintiff argues, did not oust the court of subject matter jurisdiction. The plaintiff also claims that the court should not have taken judicial notice of a grievance procedure not introduced in evidence or incorporated into a pleading, or mentioned by the plaintiff at a hearing held on the court's own motion to dismiss for lack of subject matter jurisdiction.[3] We agree.

General Statutes § 52-163[4] permits a court to take judicial notice of the ordinances of any town, city or

[1] An appearance on behalf of the defendant was not filed until after this appeal was filed.

[2] The September 16, 1976 grievance procedure provided in pertinent part that "[i]f a resident has requested a hearing in accordance with paragraph V on a complaint involving an Authority notice of termination of the residency, and the hearing officer or hearing panel upholds the Authority's action to terminate the residency, the authority shall *not* commence an eviction action in State or local court until it has served a notice to vacate on the resident, and in *no* event shall the notice to vacate be issued prior to the decision of the hearing officer . . . ." (Emphasis in original.)

[3] The plaintiff also contends that this fourteen year old grievance procedure was obsolete, and has since been superseded by a 1987 administrative order that was complied with in the present case. We need not consider whether the grievance procedure relied on by the court was an obsolete version of the plaintiff's rent collection procedures.

[4] General Statutes § 52-163 provides in pertinent part that "the ordinances of any town, city or borough in this state shall be prima facie evidence, and the courts shall take judicial notice of them."

borough. See *Olsen* v. *Zoning Board of Appeals,* 5 Conn. App. 455, 457, 499 A.2d 1168 (1985). Although our court has held that zoning regulations, as municipal ordinances, are subject to judicial notice; id.; municipal regulations are generally not within the purview of § 52-163. To be judicially noticed, both state and federal regulations require either certification or authentication. See General Statutes § 52-166; *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 379, 441 A.2d 620 (1982) (in order to admit a state regulation into evidence, it must be either certified or authenticated); *Jacobs* v. *Crown, Inc.,* 7 Conn. App. 296, 300, 508 A.2d 812 (1986) (for a court to take judicial notice of a federal regulation, it must be provided with an authoritative copy of the regulation in question). If municipal housing regulations were subject to judicial notice under § 52-163, they would be exempt from any certification or authentication requirement. We see no reason for municipal regulations to be treated as prima facie evidence for judicial notice when state and federal regulations are not, and we decline to construe § 52-163 to reach such a result.

Here, the reasons for not extending the scope of General Statutes § 52-163 to include the rules and procedures of a local housing authority are clear. These promulgations are not fully published or disseminated. Further, there is no official publication or respository in which they are recorded. In the absence of such procedures and controls, the court has no assurances that the proffered regulation reflects the most current and complete version available.

In addition, before a court takes judicial notice of a regulation, at the request of a party, the party to the proceeding generally has the obligation to call the matter to the attention of the court and provide it with authoritative sources. *Jacobs* v. *Crown, Inc.,* supra. See

also *Ritcher* v. *Childers,* 2 Conn. App. 315, 318, 478 A.2d 613 (1984) (it is the duty of counsel to supply the court with foreign law). In those circumstances where a court takes judicial notice of a matter on its own initiative, the preferred practice is to give the parties an opportunity to be heard. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 527–28, 294 A.2d 663 (1972); *State* v. *Marshall,* 11 Conn. App. 632, 634, 528 A.2d 1163 (1987).

In this case, the court, sua sponte, took judicial notice of a housing authority regulation. The plaintiff had no opportunity to refute, deny or even review the court's usage of and reliance upon those regulations used by the court in its determination that it lacked subject matter jurisdiction. Furthermore, the court summarily concluded that the grievance procedure was relevant.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.