MANUEL FERNANDES ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.
(8948)

SPALLONE, FOTI and LANDAU, Js.

Argued October 31, 1990—decision released February 5, 1991

*Linda R. Stark,* with whom, on the brief, was *Anthony T. Varone,* for the appellant (defendant Northpointe Company).

*J. Roger Shull,* for the appellees (plaintiffs).

LANDAU, J. The defendant[1] Northpointe Company is the owner of an unimproved parcel of land at 290 Glendale Avenue, Bridgeport, located in a Residence-A zoning district. Under that city's zoning regulations, a Residence-A zone is a single-family district. The plaintiffs Manuel and Isaura Fernandes are the owners of land at 176 Sunrise Terrace, Bridgeport. The eastern boundary of their parcel abuts the western boundary of the Northpointe tract. The plaintiffs Katherine

---

[1] The Bridgeport zoning board of appeals, originally named as a defendant, did not join in this appeal.

Keane and Rosemary Ferrara own a condominium unit located at 64 Coachlight Square, Bridgeport. The condominium property abuts the entire eastern boundary of Northpointe's parcel.

Northpointe submitted an application dated April 29, 1988, to the zoning board of appeals (ZBA) for a variance that would permit it to construct a ten unit condominium on its property. At the public hearing before the ZBA, the defendant began its presentation by stating that it had appeared before the ZBA over six months prior to the April application and since that time had amended its plan. The defendant had added fences and plantings to provide additional screening. The ZBA granted the variance contingent on the construction of a six foot high privacy fence along the western property line. The ZBA assigned the following reason for its action: "There is no other practical use to be made of the property due to existing site conditions which includes ledge and surrounding development which includes multi-family residential dwelling units."

The plaintiffs appealed to the Superior Court from the ZBA's granting of the application for the variance. In that appeal, they alleged that on October 13, 1987, the ZBA had denied the same petition for a variance that had been filed by Northpointe and that no change of circumstances had occurred between that denial date and the ZBA's subsequent approval that would warrant a different decision. Both of the defendants denied this allegation in their answers. The trial court sustained the plaintiffs' appeal finding that the record contained no indication of a material change of conditions or intervening factors. The court further found that the addition of the screening was not a material change.

Upon our granting of certification, Northpointe appealed to this court claiming that the trial court

improperly held that the ZBA's decision was a reversal of a prior decision without a showing of a material change in circumstances because (1) the trial court relied on allegations of facts not contained in the record, (2) the trial court abused its discretion by making a finding that there was no material change in circumstances, and (3) the plaintiffs failed to sustain their burden of proof in demonstrating that the defendant ZBA acted improperly.

The plaintiffs maintain that the record sufficiently supports the court's finding of a prior application and its resultant holding. The plaintiffs claim as alternate grounds on which to sustain the trial court's judgment that (1) the Bridgeport zoning regulations, specifically amendments one through seven, dated September 30, 1987, prohibit the granting of Northpointe's application for a variance, (2) the granting of a variance to Northpointe is contrary to the city of Bridgeport's comprehensive zoning plan, and (3) the defendant Northpointe is not entitled to a variance, as a matter of law, because any hardship that may exist was present prior to Northpointe's acquisition of the subject property. We agree with the defendant and reverse the trial court's judgment.

I

The defendant claims that the court improperly relied on allegations of facts not contained in the record before it and that it abused its discretion in finding that there was no material change in circumstances. The defendant asserts that the court made an initial finding that there was a prior inconsistent ZBA decision on the identical application.

A local zoning board of appeals, pursuant to General Statutes § 8-6 (3),[2] is authorized to grant a variance

[2] General Statutes § 8-6 provides in pertinent part: "The zoning board of appeals shall have the following powers and duties . . . (3) to deter-

where two basic conditions are satisfied: " '(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.' " *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 655, 427 A.2d 1346 (1980), quoting *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 326, 387 A.2d 542 (1978).

The ZBA " 'is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal.' " *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988). " 'When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision.' *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 56, 549 A.2d 1076 (1988). 'Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing.' *Molic* v. *Zoning Board of Appeals,* 18 Conn. App. 159, 164, 566 A.2d 1049 (1989)." *Horn* v. *Zoning Board of*

mine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application."

*Appeals,* 18 Conn. App. 674, 676–77, 559 A.2d 1174 (1989). We in turn review the actions of the trial court. *Whittaker* v. *Zoning Board of Appeals,* supra.

A review of the record indicates that the trial court's decision sustaining the plaintiff's appeal was clearly erroneous. Practice Book § 4061. The trial court found that the ZBA had reversed a prior decision without having found a material change of conditions or intervening factors. The ZBA, however, based its decision on the site conditions including the presence of ledge, and on the nature of the surrounding development, which includes multifamily residential dwellings. Upon review, the trial court, therefore, was limited to determining whether the record supported the ZBA's findings. A review of the record reveals that the defendant introduced testimony and exhibits about the presence of rock and stone and the type of housing in the surrounding area.

The trial court's focus on a change of circumstances was improper. It is for the ZBA, not the court, to determine whether the defendant's petition was a new application or substantially the same as the earlier application. *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission,* 161 Conn. 50, 58, 282 A.2d 890 (1971); *Malmstrom* v. *Zoning Board of Appeals,* 152 Conn. 385, 391, 207 A.2d 375 (1965). A review of the record also indicates that the defendant's petition to the ZBA was filed as a petition for a variance and not as a request for a rehearing. In addition, the defendant clearly stated that it had filed a previous petition in October, 1987, more than six months before the public hearing in June, 1988, thereby removing it from the scope of General Statutes § 8-6.[3] It was therefore within the ZBA's discretion to view the defendant's petition as a new petition.

---

[3] See footnote 2, supra.

Finally, " '[t]he burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. . . .' " *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 707, 535 A.2d 799 (1988). Upon review, we agree with the defendant that the plaintiffs have failed to sustain their burden of proof.

## II

The plaintiffs present three alternate grounds on which the judgment of the trial court may be affirmed. Their first two arguments are that the petition for variance is barred by the so-called "Mayor's Amendments" and that the defendant's proposal violates the comprehensive zoning plan of Bridgeport. We dismiss the plaintiffs' claims because they have failed to provide a sufficient record for review.

At trial, the plaintiffs submitted the transcript from the public hearing held by the Bridgeport zoning commission adopting amendments to the city's zoning regulations proposed by Mayor Thomas W. Bucci. This transcript provides the words and phrases that are to be added to and deleted from the city's zoning regulations. A review of the record, however, fails to furnish a complete copy of the zoning regulations. Without the regulations, the amendments cannot be placed in context and are virtually meaningless.

Although this court has previously held that zoning regulations, as municipal ordinances, are subject to judicial notice pursuant to General Statutes § 52-163; see *Olsen* v. *Zoning Board of Appeals,* 5 Conn. App. 455, 457, 499 A.2d 1168 (1985); our decision in *Housing Authority* v. *Brown,* 23 Conn. App. 366, 579 A.2d 1110 (1990), warrants a reconsideration of our earlier opinion. Our decision in *Brown* not to take judicial notice of the rules and procedures of local housing authorities is based on the facts that these promulgations are not fully published or disseminated and that there is

no official publication or repository in which they are recorded. *Housing Authority* v. *Brown,* supra, 369. We therefore concluded that "[i]n the absence of such procedures and controls, the court has no assurances that the proffered regulation reflects the most current and complete version available." Id.[4] Because of the problem of the availability and the accuracy of zoning regulations, and in light of our recent decision in *Brown,* we decline to take judicial notice of the city's zoning regulations when they are not made part of the record or when only a small portion is presented.

It is the plaintiffs' burden in presenting these alternate claims to provide an adequate record. *State* v. *Edwards,* 201 Conn. 125, 160, 513 A.2d 669 (1986); *Accurate Forging Corporation* v. *UAW Local No. 1017,* 189 Conn. 24, 28, 453 A.2d 769 (1983). " 'This court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings, or to documents or exhibits which are not part of the record. . . .' " (Citations omitted.) *Accurate Forging Corporation* v. *UAW Local No. 1017,* supra. Because a " 'comprehensive plan is to be found in the scheme of the zoning regulations themselves' "; *Adolphson* v. *Zoning Board of Appeals,* supra, 713; the absence of the zoning regulations also precludes our review of the plaintiffs' second alternate claim.

Finally, the plaintiffs contend that the defendant established no hardship that would justify a variance. As

---

[4] A review of the transcripts illustrates this problem. At trial, the court was confronted with the problem of determining the current status of the zoning regulations. On the first day of the hearings, the court, addressing the defendant, noted the absence of the zoning regulations from the record. Although the defendant replied that these regulations would be provided, the court expressed further concern with the status of the city's zoning regulations and whether it had "those regulations which are in effect, at this point, and not those which have been repealed, and those which have been amended."

discussed above, the court's scope of review in hearing appeals from a local ZBA is limited to whether " 'the reasons given are supported by the record . . . . ' " *Horn* v. *Zoning Board of Appeals,* supra, 676. The ZBA based its decision on the presence of rock and stone and the nature of the surrounding dwellings. The ZBA therefore found that there was a hardship to the defendant sufficient to justify the granting of a variance and we dismiss the plaintiffs' third alternative claim.

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.