[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant is the owner of an undeveloped lot. In 1970, CT Page 2744 the lot and three adjacent lots received front yard set back variances to build single family dwellings within a certain time period. The previously granted variance expired by lapse of time. The other three lots had buildings erected on them.
In September 1989, the appellant applied for the same 10 (10') foot variance. The Zoning Board of Appeals (hereinafter "Board") denied the application.
After the expiration of more than six months the appellant reapplied. Under Section 8-6 of the Connecticut General statutes, the board is not required to ". . . hear any application for the same variance, as is in this case, for a period of six months" The statute provides for reapplication after a waiting period of six months. Section 9.4.2 recites the same six month period. Section 9.4. 2 indicates that suitable grounds re-hearing include changed condition, an error in the decision or new evidence.
At the hearing on aggrievement in the instant case it was established that the appellant is aggrieved.
Essentially in this case the appellant was denied the same variance in 1990, the subject of this appeal, as she was in 1989.
The Board filed an amended answer in this case raising the special defense of res ad judicata. The Board in this case did not oppose the hearing in this 1990 application at a public hearing on May 8, 1990. The Board heard the application for the variance. The hardships for which relief was sought is as follows:
 "Unusual lot shape with narrow frontage; Tidal Wetlands at rear of property-restrict house placement; Non-Flexibility; Conforms with similar setbacks in neighborhood"
The Board denied the variance by a "default" vote, with 3 voting for approval and 2 opposed. The motion was for approval, with a valid second.
The record disclosed that the Board discussed reasons for approval including various hardships presented by the applications. The motion to approve failed when only 3 votes were case in favor of the motion.
The applicant presented evidence in support of the variance including, hardships acknowledged by the Board. CT Page 2745
The application and survey of the property demonstrated hardships that justified the requested variance. There was no evidence in the record to counter the hardships. The denial of the variance is unsupported by the record.
The Board gave variances to three other property owners to build houses which was acknowledged by a Board member who stated ". . . I believe there is a hardship here . . . I would hate to be stuck with a piece of property . . . where I could not possibly build upon it. . ."
The Board since the motion was for approval of the variance failed to discuss or state on the record reasons for the denial. The appellant argues "although it is desirable for a zoning authority to state the grounds for granting (or denying) a variance, and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the Board's decision. If the Board fails to give the reasons for its action, or if the reasons are inadequate, the trial court must search the record and determine a basis exists for the action taken." Stankiewicz v. Zoning Board of Appeals,15 Conn. App. 729, 732 (1988), affirmed 211 Conn. 76 (1989).
The appellant in this case correctly points out that the only reasons for denial in the record is that a Board member stated "the hardship was not unique to this lot since the same conditions applied to adjacent lots." He further indicated a possible self-created hardship.
The other lots had received variances and this one lot had an unusual shape affecting it differently than the other since it was the only lot remaining for construction non-conforming use. Section 8-6 (3) provides that"variances should be granted to a parcel where conditions especially affect it . . . but not affecting generally the district in which it is situated" (the district here being the original four lots). Also since the other lots have been already built upon, the lot of the appellant is now unequal. The subject lot does have a unique hardship.
The subject lot [Brief of the Appellant] has the least amount of buildable area due to its shape and the wetlands impact. Accordingly, no valid reasons were given for the denial in this case.
The hardship is not self-created in this case merely because the variance given in 1982 was allowed to expire because of time. The hardship is not self-created under the circumstances of this case. CT Page 2746
Generally the court should not substitute its judgment for that of the board as long as an honest judgment has reasonably and fairly been made after a full hearing. Stankiewicz v. Zoning Board of Appeals supra 731, 732.
However, if the Board fails to give reasons and the record for a denial is unsupported in the record, the court can conclude that denial of the variance was arbitrary, illegal and in abuse of the board's discretion. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 153.
The Board in this case seems to rely on the res adjudicata defense when it states that one needs not reach the merits of the appellants case because the sums variance was denied in 1989.
In Hernandez v. Zoning Board of Appeals, 24 Conn. App. 49, the court said at page 54:
 "A review of the record also indicates that defendant's petition to the ZBA was filed as a petition for a variance and not a request for rehearing. In addition, the defendant clearly stated if it had filed a previous petition. . ., more than six months before the public hearing . . . thereby removing it from the scope of General Statute 8-6. It was therefore within the ZBA's discretion to view the defendant's petition as a new petition."
The defense of res adjudicata is not available in this case.
The Board gave no valid reasons to deny the application in this case. The appellant met her burden of proof for hardship. The decision of the Board was arbitrary, unreasonable and illegal. Accordingly, this appeal is sustained.
Frank S. Meadow