[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, pursuant to Connecticut General Statutes8-8, from the defendant Madison Zoning Board of Appeal's ("Board") approval of a variance application to allow a third floor room and deck to be added to a home on property abutting property owned by the plaintiff, Susan Wayne Strong.
The appeal should be sustained
On August 22, 1990, the defendants, Barry and Patti Eastland ("applicants"), submitted an application to the Board for approval of variances for their property located at 33 Seaview Avenue ("subject property") in Madison. Specifically, defendant applicants requested a front yard variance of 18'-0", an east side yard variance of 7'-6", a west side yard variance of 2'-6", a rear yard variance of 20', and a variance increasing lot coverage to CT Page 5604 22.65% to obtain conformity of the existing structure. The purpose of the variances was to allow an alteration of a home by increasing the height of the house by 6'6" in order to add a third floor area of 540 sq. ft. over the existing structure, which would provide a room with a deck to view the Sound.
A public hearing on the defendants' application was held on September 11, 1990. Notice of the September 11, 1990 public hearing was published on August 29, 1990 and September 5, 1990. Further, notice of the September 11, 1990 meeting was mailed to owners of property within 150 feet of the subject property on August 31, 1990.
At the September 11, 1990 meeting, the defendant applicants withdrew that part of their application requesting a rear yard variance of 20'-0" and that part requesting an increase of lot coverage to 22.65%.
On September 11, 1990, the Board voted to grant the variances stating as the reason: "[S]tays within present building lines." A notice of the Board's decision was published on September 19, 1990, and a letter giving notice of the decision was sent to defendant by certified mail on September 18, 1990.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 323. Connecticut General Statutes 8-8 (a)(1) provides that a person who owns land which abuts the land involved in the decision of a zoning board is statutorily aggrieved. Connecticut General Statutes 8-8 (a)(1).
Based on the evidence presented at a hearing held before this Court on March 8, 1991, this court finds that Susan Wayne Strong owns 35 Seaview Avenue in Madison, which abuts the subject property.
As an abutter, plaintiff is an aggrieved person within the meaning of 8-8 (a) of the General Statutes. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 366; Smith v. Planning Zoning Board, 203 Conn. 317, 321.
After this appeal was filed, an answer and return were filed. Said return of record, which contains Exhibits 1 through 10 was filed on January 18, 1991; said return contains the material considered by defendant ZBA. Said return contains the following information.
1. Transcript of September 11, 1990 meeting in matter of Appeal #6523.
2. Minutes of Zoning Board of Appeals dated September 11, CT Page 5605 1990.
3. Appeal No. 6523 with list of property owners with 150' and copies of Certificates of Mailing.
4. Five photographs taped together to form a strip — view of Seaview Avenue.
5. Fact sheet from JPC Consultants marked "Exhibit E".
6. Legal notices from Shore Line Times: 8/29/90, 9/5/90, 9/19/90.
7. Letter of September 7, 1990 with seven signatures attached.
8. Letter of September 10, 1990, from Barbara Graham with three photos.
9. Letter of September 18, 1990 from ZBA Clerk to Mr. Mrs. Barry Eastland.
10. Madison Zoning Regulations.
Connecticut General Statutes 8-8 (b), requires a party taking an appeal to do so within fifteen days from the date when notice of the Commission's decision was published. In this case, notice of the Board's decision was published on September 19, 1990. Plaintiffs caused this appeal to be served on Barry and Patti Eastland on October 3, 1990 and on the Town of Madison on October 4, 1990, within the fifteen days required. Therefore, this appeal is timely. Conn. Pub. Acts. No. 90-286 (1990).
Plaintiff claims that the Board acted illegally, arbitrarily and in abuse of its discretion by approving the defendant applicants' variance application. The board maintains to the contrary that the record reasonably supports their decision. Plaintiff has the burden to prove her claim on appeal. Adolphson v. ZBA, 205 Conn. 703, 707; Eagan v. ZBA, 20 Conn. App. 561, 564.
"A local zoning board, pursuant to General Statutes 8-6 (3), is authorized to grant a variance where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Fernandes v. ZBA, 24 Conn. App. 49,52-53. "If either condition is not fulfilled the zoning authority lacks the power to grant a variance." Spencer v. ZBA, 15 Conn. App. 387,389. CT Page 5606
"When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision." Fernandes, 24 Conn. App. at 53. The Board's stated reason for granting the variance, i.e. that it "[S]tays within present building lines," is not sufficient to support its action in this case. Kelly v. ZBA, 21 Conn. App. 594, 598. Therefore the record must be searched to find some basis for granting the variance; "[i]f the record reasonably supports the agency's conclusions, the agency's decision will not be disturbed." Eagan v. ZBA, supra, p. 563.
Plaintiff claims that the board incorrectly granted the variance because no "unusual hardship" has been proved. "The burden is on the applicant to prove hardship." Kelly v. ZBA, supra, p. 599. "The hardship must `arise from circumstances or conditions beyond the control of the property owner.'" Kelly v. ZBA, supra., p. 598. The hardship must be different in kind from that generally affecting properties in the same zoning district and should only be granted in exceptional circumstances. Kelly v. ZBA, supra. p. 598.
This record fails to support the applicant's claim of "unusual hardship". Applicants request the variances because of the "nondesirability of the expansion as it could be done. It is desired to do the expansion in a way that is not conforming with the regulations but more appropriately fits the site and zone;" and applicants claim that a hardship exists because if they had to build according to the zoning regulations they "would create an addition which is just not appropriate"; applicants agreed that that the interior of the house "certainly would permit other solutions but architecturally this one fits best."
Upon this record, this court finds that the Board acted illegally, arbitrarily and in abuse of its discretion in granting variances requested by applicants.
Accordingly, the appeal is sustained and the action of the Board is hereby reversed.
Ronald J. Fracasse, Judge