[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is a summary process action based on nonpayment of rent and lapse of time in connection with a residential tenancy. The court finds the allegations of the complaint proven by a fair preponderance of the evidence. However, the defendant has pleaded two special defenses.
 II
The defendant's first special defense alleges: "The premises contain numerous housing code violations." CT Page 12677
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee." Thomas v. Roper, 162 Conn. 343, 348, 294 A.2d 321
(1972); see Ciavaglia v. Bolles, 38 Conn. Sup. 603, 605,457 A.2d 669 (1982). This common law principle is significantly modified by General Statutes § 47a-7[1] which, among other things, requires the landlord to "(1) Comply with the requirements of chapter 368o and all applicable building and housing codes materially affecting health and safety or both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant . . . (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him. . . ." In a defense of a summary process action based on § 47a-7,
 "[t]he defendant must prove that the premises were in such a state in the month of nonpayment so as to render the [premises] unfit and uninhabitable. Alteri v. Layton, [35 Conn. Sup. 261, 267, 408 A.2d 18 (1979)]. The defects must materially and substantially affect the tenants' use of the premises. It is not enough for the tenant to show that the premises are not in full code compliance. . . . The requested repair involved must be one necessary to put and keep the premises in a fit and habitable condition. [General Statutes §] 47a-7 (a)(2), Visco v. Cody, [16 Conn. App. 444, 453, 547 A.2d 935
(1988)]. If minor repairs were sufficient to trigger the statutory defenses of unfit and uninhabitable "what was intended as a shield for the benefit of tenants would be metamorphosed into a sword to deprive landlords of their property." Visco v. Cody, supra 453. Mere technical or cosmetic violation of governmental codes are not sufficient to rise to the level of the defense of unfit and uninhabitable.
 To be successful a tenant must demonstrate actual and serious deprivation of the use contemplated by the parties to the ease. Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, No. SPBR 9409-27973 (1995). The code violations must be substantial and a serious deprivation to health and safety for those to be grounds for a rent abatement or sanctions of any sort. Id. Whether the premises are untenantable is a question of CT Page 12678 fact for the trier, to be decided in each case after a careful consideration of the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed. Reid v. Mills, 118 Conn. 119, 122, 171 A. 29 [1934]; see Hayes v. Capitol Buick Co., [119 Conn. 372, 378-79, 176 A. 885 (1935)]; Tungsten Co. v. Beach, 92 Conn. 519, 524, 103 A. 632 [1918]. Thomas v. Roper, 162 Conn. 343, 347, 294 A.2d 321 (1972); accord, Johnson v. Fuller, 190 Conn. 552, 556-57, 461 A.2d 988 (1983)."
 Hackbarth v. Ross,
Superior Court, judicial district of New Haven, Housing Session, No. CV 96-7800 (August 1, 1997). The defendant had the burden of proof as to this special defense. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 237, 520 A.2d 1008 (1987); see Johnson v. Fuller, 190 Conn. 552, 555, 461 A.2d 988 (1983). Here, the defendant has failed to prove that the premises she occupies are untenantable.
 III
The defendant's second and final special defense is: "The premises lacks [sic] a Certificate of Occupancy."
General Statutes § 47a-5 provides: "In any borough, city or town which requires a certificate of occupancy prior to human habitation of any building located therein, if any building is occupied in whole or in part without such occupancy permit, rent shall not be recoverable by the owner or lessor of the premises for such period of unlawful occupation." See also General Statutes §47a-57.
There was no evidence that the City of New Haven required a certificate of occupancy to be issued before human habitation of any building. To be sure, this court may take judicial notice of municipal ordinances and regulations. General Statutes § 52-163.[2]
However, the court may not do so sua sponte. Housing Authority v.Brown, 23 Conn. App. 366, 369-370, 579 A.2d 1110 (1990); Fernandesv. Zoning Board of Appeals, 24 Conn. App. 49, 56, 585 A.2d 703
(1991), cert. granted, 218 Conn. 906, 909, 588 A.2d 1381 (1991). "Matter claimed under our rules for judicial notice . . . must be called to the attention of the court and authoritative sources provided." Ritcher v. Childers, 2 Conn. App. 315, 318-19,478 A.2d 613 (1984). CT Page 12679
However, "[i]t would be plain error for this court to ignore a clearly applicable statute." (Citations omitted.) RepublicInsurance Co. v. Pat DiNardo Auto Sales, 44 Conn. Sup. 207, 211,678 A.2d 516 (1995), affirmed and adopted, 41 Conn. App. 686,677 A.2d 21 (1996), cert. denied, 239 Conn. 906, 682 A.2d 1005 (1996). General Statutes § 29-265(a) provides, with certain exceptions not relevant here, that "no building or structure erected or altered in any municipality after October 1, 1970, shall be occupied or used, in whole or in part, until a certificate of occupancy has been issued by the building official, certifying that such building or structure substantially conforms to the provisions of the State Building Code and the regulations lawfully adopted thereunder."[3]
In the late 1980's, the building in which the subject premises are situated was converted from a one-family to a four-family dwelling. Therefore, there must be a certificate of occupancy for the building pursuant to General Statutes § 29-265.
General Statutes § 29-265, however, is not clearly applicable to this case. Section 47a-5 speaks in terms of "any borough, city or town which requires a certificate of occupancy prior to human habitation of any building located therein. . . ." General Statutes § 29-265 is not an ordinance or regulation or other law of a "borough, city or town." Rather it is a general statute, universally applicable throughout the state. To be sure, General Statutes § 29-265, provides that the building official of any town city or borough[4] is authorized to issue certificates of occupancy. But this cannot be construed to mean that the mandate of the general statute, § 29-265, thereby becomes a requirement of "any borough, city or town . . ." within the contemplation of General Statutes § 47a-5.
It is true that we are obligated to read statutes together when they relate to the same subject matter because of the presumption that the legislature intended to create a harmonious body of law.State v. Employees' Review Board, 239 Conn. 638, 653-54,687 A.2d 134 (1997). This does not mean, however, that courts must artificially pry the provisions of one statute into another, simply because both statutes, in some respect, relate to similar subject matter.
General Statutes § 47a-5 applies only to "any borough, city or town which requires a certificate of occupancy prior to human habitation of any building located therein. . . ." An enumeration in a statute precludes things not enumerated. Housing Authority v.CT Page 12680Harris, 28 Conn. App. 684, 691, 611 A.2d 934 (1992), affirmed,225 Conn. 600, 625 A.2d 816 (1993). Had it been the intention of the legislature in § 47a-5 that no rent be recoverable if any building is occupied without a certificate of occupancy issued pursuant to General Statutes § 29-265, it would not have inserted the proviso "In any borough, city or town which requires a certificate of occupancy" and could have referenced § 29-265 in § 47a-5. Doe v.Marselle, 236 Conn. 845, 861, 675 A.2d 835 (1996); Lamb v. Burns,202 Conn. 158, 170, 520 A.2d 190 (1987); Thornton Real Estate, Inc.v. Lobdell, 184 Conn. 228, 230, 439 A.2d 946 (1981); Edmundson v.Rivera, 169 Conn. 630, 635, 363 A.2d 1031 (1975); Puskarz v. ZoningBoard of Appeals, 155 Conn. 360, 365, 232 A.2d 109 (1967); St. Johnv. U. Piccolo Co., Inc., 128 Conn. 608, 615, 25 A.2d 54 (1942);Burkle v. Car Truck Leasing Co., 1 Conn. App. 54, 58,467 A.2d 1255 (1983). It did neither.[5] General Statutes § 47a-5 is limited in its operation to those municipalities which have enacted local codes or ordinances, such as housing codes, which themselves require a certificate of occupancy prior to human habitation of any building. See, e.g., General Statutes §§ 7-148 (b)(7)(A)(i), 8-208.[6]
Therefore, General Statutes § 29-265 is not clearly applicable to this case. For this reason, and because there is no evidence before the court as to any requirement for a certificate of occupancy by the City of New Haven, the defendant has not sustained his burden of proving the second special defense.
Judgement of possession may enter for the plaintiff.
LEVIN, J.