[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Phillip Ireland appeals the decision of the defendant zoning board of appeals of the town of Rocky Hill granting a variance to defendant Aramis Associates. Subsequent to the filing of this appeal, plaintiff Phillip Ireland died and his executrix, Carol Ireland, was substituted as plaintiff.
In rendering its decision, the board acted pursuant to General Statutes § 8-6. The plaintiff appeals pursuant to § 8-8. The court finds the issues in favor of the defendants.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The plaintiff had owned three parcels of land on the Silas Deane Highway at its CT Page 1791 intersection with Waterchase Drive. These are known as 5 Waterchase Drive, located on the northwest corner of Waterchase and the Silas Deane; 10 Waterchase Drive, located across the street on the southwest corner; and 30 Waterchase Drive, located at the end of the Waterchase Drive cul-de-sac, set back from the Silas Deane.
Defendant Aramis Associates acquired 30 Waterchase Drive and developed a shopping center there, occupied by Ames Department Store as tenant. At that time, Bickford's Restaurant, the plaintiff's tenant at 5 Waterchase Drive, granted Ames an easement to place a free-standing sign on the property at 5 Waterchase Drive. This easement recites that it may be terminated at any time by either party on thirty days notice.
In 1989, because zoning regulations prohibited off-site signs, Ames applied for and was granted a variance to erect a sign on the property at 5 Waterchase advertising the Ames store and indicating its location in the set-back shopping center to customers and passers-by on the Silas Deane Highway.
In 1994, the plaintiff granted Aramis's predecessor in title an easement to place a free-standing sign on his property at 10 Waterchase, subject to the condition that the Ames sign on the property at 5 Waterchase be removed. Aramis subsequently acquired this easement.
In 1996, Aramis brought in Namco as another large tenant in its shopping center at 30 Waterchase Drive and determined that the Namco name should be added to the Ames sign standing on 5 Waterchase Drive. Bickford's Restaurant vetoed this change, however, so Aramis elected to utilize its sign easement on the 10 Waterchase Drive property.
Aramis initially applied to the board for a variance from the regulations in order to erect the new sign in March 1996. The board denied this application, and Aramis submitted a new application in May. The new application requested variance of regulations prohibiting off-site signs and establishing set-back limits for free standing signs. The board determined that the new application was substantially different from the March application and proceeded to conduct a hearing on it.
At the hearing, Aramis advanced essentially the same reasons in support of its application as Ames had presented previously CT Page 1792 for the variance relating to the property at 5 Waterchase Drive. As set forth in its application, Aramis asserted hardship in that without the requested sign, "it would be exceptionally difficult for the public to locate and safely enter the property (and) the topography and shape of the parcel on which the sign would be located . . . makes it difficult or impossible to comply with setbacks from roads and sidewalks. The plaintiff's attorney appeared at the hearing and spoke in opposition.
Following the hearing, the board met and voted to grant the variance based on the representations of hardship that Aramis included in its application, noted above, and subject to the condition that Aramis or Ames permanently remove the old sign from the property at 5 Waterchase Drive. It is this decision which is the subject of this appeal.
Based on the affidavit of Carol Ireland and other evidence in the record, the court finds that, at all relevant times, Phillip Ireland or his estate was the owner of the property at 10 Waterchase Drive, which is the subject of the board's decision. The plaintiff is, therefore, aggrieved by the decision and has standing to appeal.
In support of his appeal, the plaintiff advances essentially five arguments: (1) that the variance is an illegal "use" variance; (2) that Aramis demonstrated insufficient hardship; (3) that the same or similar application had recently been denied: (4) that the variance was granted subject to an improper condition; and (5) that Aramis lacked standing to apply for a variance over the property owner's objection.
Before evaluating the plaintiff's specific claims, it is appropriate to set forth certain basic principles that govern appeals to this court of decisions of zoning boards of appeal relating to variances. In general, Connecticut law grants liberal discretion to the local boards and strictly limits the scope of judicial review. In Fernandez v. Zoning Board of Appeals,24 Conn. App. 49, 52-55 (1991), our Appellate Court held:
 A local zoning board of appeals, pursuant to General Statutes § 8-6(3), is authorized to grant a variance where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary CT Page 1793 to the carrying out of the general purpose of the zoning plan.
 The ZBA is endowed with liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal . . . When a zoning authority has stated its reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision . . . Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing.
 Finally, the burden of proof to demonstrate that the board has acted improperly is upon the plaintiffs . . . (Citations and internal quotation marks omitted.)
In the present case, the defendant board determined that Aramis's erection of the off-site sign on the property at 10 Waterchase Drive would not substantially affect the town's comprehensive zoning plan. This seems indisputable in view of the general commercial development of the Silas Deane Highway area and the myriad signs that already festoon the highway. The board's finding of hardship based on the location of Ames and Namco in Aramis's cul-de-sac off the Silas Deane was consistent with its prior determination in approving the earlier variance at 5 Waterchase Drive. And the public safety and convenience factors, repeatedly stressed during the hearing, were significant in the board's conclusion that the sign should be permitted.
Turning to the plaintiff's specific claims, his argument relating to illegal "use" variances is based on his reading of § 9.53(d) of the zoning regulations, which provides that "In no case may a variance be granted which shall permit a use not otherwise permitted in the Zone." He contends that this means that the board was prohibited from allowing 10 Waterchase Drive to be "used" for an off-site sign because off-site signs are not permitted by § 5.12(n).
The flaw in this argument, as defendant Aramis points out, is that it relies on an overbroad and illogical interpretation of § 9.53(d). A "use," within the meaning of the zoning regulations is the "specific purpose for which . . . land . . . may be occupied or maintained. See § 2.2. The regulations for CT Page 1794 each zone state the "purpose" of the zone in terms of the general use of property within it. For example, the purpose of the Residence R-40 zone is to create "a living environment of high standards for single-family dwellings." See § 4.1. Section 9.53(d) would prohibit, therefore, a variance that would allow in an R-40 zone a use of property for industrial purposes because that would be inconsistent with the purpose of the R-40 zone.
Section 9.53(d) does not, however, prohibit the board from granting a variance which "is in harmony with the general purposes and intent of these regulations and shall not be injurious to the neighborhood or otherwise detrimental to the public welfare." See § 9.53(c). In other words, the board may grant a variance so long as it does not result in the use of the property for a purpose which is inconsistent with the general purpose of the zone. As indicated above, the board reasonably found that the variance in this case would not result in any disharmony with the comprehensive zoning plan. The court concludes, therefore, that the plaintiff's argument with respect to § 9.53(d) may not be sustained.
With respect to the hardship issue, the court has noted the reasons articulated by the board during the course of the hearing and at its meeting when it voted to approve the variance. There is ample and substantial evidence in the record to support the board's conclusions, and the court finds those conclusions to be entirely reasonable. The plaintiff's arguments to the contrary may not be sustained.
With respect to the issue of the prior application, the board specifically found that the new application differed substantially. "It is for the ZBA, not the court, to determine whether the . . . petition was a new application or substantially the same as the earlier application." Fernandez v. ZBA, supra,24 Conn. App. 54. The court has examined the record here and concludes that there is ample evidence to support the board's decision in this regard.
With respect to the condition imposed by the board on the granting of the variance, the court would simply observe that a board has the power to impose reasonable conditions. In this case, the condition is that the Ames sign on the property at 5 Waterchase Drive be removed. Neither Aramis nor Ames has any objection to this condition. and it is obviously within their power to comply with it. CT Page 1795
Finally, with regard to the standing of Aramis to apply for the variance, our Supreme Court has held that a nonowner may apply for a variance if such person is the "real party in interest" and if the use applied for is consistent with the applicant's interest in the property. Richards v. Planning Zoning Commission, 170 Conn. 318, 323 (1976) Both these factors are obviously present in this case. What is different here is that the owner of the property in this case, the plaintiff, objects to the requested variance. The court notes, however, that he had previously willingly granted an easement permitting a sign, presumably in exchange for consideration he accepted as adequate. His present objection to the sign is, therefore, inconsistent with his prior undertaking and, under the circumstances, hardly tenable. Certainly, his objection is not sufficient to undermine Aramis's standing to apply for the variance necessary to implement the easement.
For all of the above reasons, the appeal is dismissed.
MALONEY, J.