[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Carl Zender and Jane Zender, inter alia, appeal the decision of the defendant Southington Zoning Board of Appeals ("Board") which granted two variances to the defendants, Joseph and Laura Foti ("the Fotis"). The Fotis had requested two variances regarding lot sizes in an area of Southington having R-80 zone classification. The variance requests were brought pursuant to § 15-04 of the Southington Zoning Regulations ("Regulations"). A public hearing on the applications was held on October 15, 1997, at which the Fotis presented evidence of meeting the standards of hardship and the irregular nature of the land at issue. The variance requests were approved by the Board on October 28, 1997, at its regular meeting. This administrative appeal to the Superior Court, brought pursuant to General Statutes § 8-8, followed.
As a preliminary matter, the Board contends that the failure of the plaintiffs to cite by name and address the chairman of the Board deprives this court of subject matter jurisdiction over this appeal. General Statutes § 8-8 (e) provides, in pertinent part:
 Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by CT Page 13333 leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the Board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.
Here, the plaintiffs, in their citation, instructed the officer to make service to the Southington Town Clerk by her name and her official address at Southington Town Hall, but directed service only to "the place or abode of the Chairman of said Zoning Board of Appeals." No name or address was provided to the officer making service. The Board contends that this failure to name the chairman of the Board or to provide an address of the usual place of abode of the chairman violates General Statutes § 8-8 (e), and deprives this court of jurisdiction over the subject matter of this appeal. The failure to name or serve the chairman or clerk of the commission makes an appeal subject to dismissal. Andrew Ansaldi Co. v. Planning and Zoning Commissionof the Town of Manchester, 207 Conn. 67 (1988). In the present case, however, the chairman of the Board was named as such and served. Thus, there was compliance with General Statutes §8-8 (e) and legal notice of the appeal to the Board was provided. Accordingly, the Board's subject matter jurisdiction argument must fail.
Also preliminarily, the Fotis contend that this court lacks subject matter jurisdiction because the plaintiffs have failed to plead and prove aggrievement. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192 (1996).
In the present case, the plaintiffs' complaint alleges that they are "aggrieved by the decision . . . in that real property owned by them will be devalued as a result of said decision, their enjoyment of their real property will be diminished, the quality of life they enjoy will suffer, and their personal welfare will be adversely affected." (Plaintiffs' complaint, paragraph 5.) Before this court, plaintiff Jane Zender, of 61 Winding Ridge, Southington, who lives across the street from the subject premises, testified to the foregoing. This court will find that the plaintiffs have met their burden of proving aggrievement. Med-Trans, Inc. v. Department of Public Health,242 Conn. 152 (1997); see also Fuller v. Planning and ZoningCommission, 21 Conn. App. 340, 343-45 (1990). Thus, the defendants' argument concerning a lack of subject matter CT Page 13334 jurisdiction due to a failure to prove aggrievement will fail.
Before evaluating the plaintiffs' specific claims, it is appropriate to set forth certain basic principles that govern appeals to this court of decisions of zoning boards of appeal relating to variances. In general, Connecticut law grants liberal discretion to the local boards and strictly limits the scope of judicial review. In Fernandes v. Zoning Board of Appeals,24 Conn. App. 49, 52-55 (1991), our Appellate Court held:
 A local zoning board of appeals, pursuant to General Statutes § 8-6 (3), is authorized to grant a variance where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . .
 The ZBA is endowed with liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. . . . When a zoning authority has stated its reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing. . . .
 Finally, the burden of proof to demonstrate that the board has acted improperly is upon the plaintiffs. (Citations omitted; internal quotation marks omitted.)
In the present case, the plaintiffs first argue that there is no evidence to support a finding of hardship as that term is used in the zoning laws and the defendant Board abused its discretion. (Plaintiffs' brief, p. 1.) The record belies the plaintiffs' contention. The Fotis submitted an application for the two variances in order to divide their property at 50 Winding Ridge Road, Southington, to create one additional building lot. At the public hearing before the Board on October 15, 1997, the Fotis, through counsel, explained that the subject property was located partially in a R-80 zone and partially in a R-20/25 zone. (Return of Record (ROR), Item H, Minutes, p. 21.) The Fotis described the property, which includes a 20 foot wide "spite strip" which a CT Page 13335 developer had created between the Fotis' property and Winding Ridge Road, a public street. The spite strip had been created to prevent the Fotis' predecessor from benefitting [benefiting] from the construction of Winding Ridge Road, which a developer had constructed in connection with the development of a neighboring subdivision. (ROR, Item H, Minutes, pp. 21-22.)
The Board heard that the subject property is unique due to the delineation of the zoning lines between R-80 and R-20/25 over the subject property, with no transition between the two zones. Specifically, no R-40 zone exists between the two zones, thereby creating an irregular intersection of the two without any transitional R-40 zone. (ROR, Item H, Minutes, pp. 23-24.) The frontage and depth for each of the two proposed lots would be in conformity with the surrounding neighborhood, thereby not injuring other properties in the area nor adversely affecting the essential character of the neighborhood. (ROR, Item H, Minutes, pp. 24-25.) Thereafter, on October 28, 1997, the Board granted the requested variances, subject to certain stipulations, citing the unnecessary hardship created by the intersection of two zones, the existence of the "spite strip" and the resultant irregular shape of the lot. (ROR, Item O, Minutes, pp. 32-34.)
Here, the Board has stated the reasons for its actions which are supported by the record and are pertinent to the decision.Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676 (1989). Based on the record in this case, this court cannot find that the Board abused its liberal discretion or acted in a manner which was arbitrary, illegal or unreasonable in granting the variances. See Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636-37, cert denied, 220 Conn. 923 (1991). The plaintiffs' argument that the Board's decision will serve as a poor precedent is equally unavailing, since any variance applicant must demonstrate a particular hardship which is peculiar to the property before a variance may be allowed. General Statutes § 8-6.
The plaintiffs argue that there are no unusual circumstances regarding the property in question which allow a variance. As previously stated in this opinion, the Board specified the unusual circumstances and hardship which were fully supported by substantial evidence in the record. Based on the evidence in the record, the variances are within the framework of the zoning purpose of that area and are in harmony with the purpose and intent of the zoning regulations. Moreover, the Board did address the concern that its decision could adversely affect the CT Page 13336 essential character of the neighborhood by placing two conditions on its decision designed to protect the integrity of the neighborhood. The conditions included a 2,500 minimum square foot restriction for any home which would be constructed on the newly created lot and the maintenance of the existing 20 foot vegetation buffer on the easterly side of the property and along the northerly side of Winding Ridge. (ROR, Item O, Minutes, p. 33.) Thus, the Board's decision fully complies with General Statutes § 8-6 and Regulations § 15-04, et seq. Accordingly, the plaintiffs' arguments to the contrary must fail.
Based on the foregoing, the Board's decision granting the variances will not be disturbed, and the plaintiffs' administrative appeal therefrom is dismissed.
Michael Hartmere, Judge