[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from the action of the Zoning Board of Appeals for the Town of Madison (the Board) in approving a request for a variance filed by Robert Del Russo regarding property owned by him at 81 Webster Point Road in Madison. The plaintiff is a statutorily aggrieved person pursuant to C.G.S. § 8-8 (1) by virtue of owning land which abuts the property concerning which the application for a variance was filed.
In her complaint, the plaintiff claims that the Board acted illegally, arbitrarily and in abuse of its discretion in a number of ways. However, CT Page 3943 the plaintiff has briefed two issues only and the court therefore considers any remaining claims to have been abandoned. Shaw v. PlanningCommission, 5 Conn. App. 520, 525 (1985).
The issues briefed by the plaintiff are the following:
 (1) Did the Madison Board of Zoning Appeals act arbitrarily, capriciously and/or illegally by granting variances despite having denied substantially similar applications?
 (2) Did the Madison Board of Appeals act arbitrarily, capriciously and/or illegally by reversing its previous decisions without record evidence of changed conditions or new circumstances?
The record reflects that Del Russo filed an application for a variance on March 8, 2001 seeking permission to build a house with 14.9 percent building coverage where 10 percent is allowed and a 3 foot setback along one property line where a 20 foot setback is required. The proposed house would have a square footage of 2, 257.65. That application was denied without prejudice on April 3, 2001.
On April 9, 2001, Del Russo filed an application for a variance which differed from the first in that it reduced the building coverage to 2, 015.22 square feet which amounted to 13.3 percent building coverage. That second application received a three to two vote in its favor but the variance was denied because four affirmative votes were required.
On June 19, 2001, Del Russo filed a third application for a variance reducing the building coverage to 1, 984.91 or 13.1 percent. This third application was approved by a five to nothing vote of the Board.
Pursuant to C.G.S. § 8-6 (3), a zoning board of appeals has the authority to grant a variance if (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) strict adherence to the zoning ordinance would cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Whittaker v.Zoning Board of Appeals, 179 Conn. 650, 655 (1980).
The zoning board "is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Schwartz v. Planning and ZoningCommission, 208 Conn. 146, 152 (1988). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision." Daughter of St. Paul, Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 56 (1988). "Courts must not substitute their judgment CT Page 3944 for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing." Molic v. Zoning Board of Appeals,18 Conn. App. 159, 164 (1989).
As noted above the plaintiff has not briefed the issue as to whether application of the zoning ordinances to the parcel in question would create an unusual hardship unnecessary to the carrying out of the comprehensive zoning plan. The plaintiff claims, first, that the Board acted arbitrarily, capriciously and illegally by granting the third application having denied two similar applications.
A review of the record and particularly the transcript reflecting the comments of the board members in executive session discussing the third application, it seems clear that the Board felt that a variance was in order at the outset which is why the first application was denied without prejudice. Discussions among the board members indicate that their efforts were to require the applicant to come back to them with a plan which minimized, to the greatest extent possible the variance required. The applicant did that on two occasions and on the second the Board apparently felt that good faith efforts had been made and therefore approved the application. This court cannot conclude that in doing so the Board acted arbitrarily, capriciously, or illegally. The applicant began with a plan for a building with coverage of 2, 257.65 square feet and wound up with a variance allowing coverage of 1, 984.91 square feet.
The plaintiff also claims that the Board acted arbitrarily, capriciously and/or illegally by reversing its previous decisions without record evidence of changed conditions or new circumstances. This argument presupposes that the application which was approved was substantially the same as the earlier application. "It is for the ZBA, not the court to determine whether the defendant's petition was a new application or substantially the same as the earlier application." Fernandes v. ZoningBoard of Appeals, 24 Conn. App. 49, 54 (1991). The Board considered each application filed as a new application.
The plaintiff has failed to satisfy her burden of proving that the Board acted unreasonably, arbitrarily, or illegally and her appeal is therefore dismissed.
 ___________________ Bruce W. Thompson, Judge