DONALD S. FARRINGTON ET AL. *v.* ZONING BOARD OF
APPEALS OF THE NOANK FIRE DISTRICT ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued January 11—decision released March 27, 1979

*Charles M. Tighe,* for the appellant (named plaintiff).

*Peter J. Bartinik,* with whom, on the brief, was *Frank N. Eppinger,* for the appellee (defendant William E. Leary).

BOGDANSKI, J. On April 26, 1974, the defendant William E. Leary applied for and received a permit to construct a building to be used in connection with

his boat rental and storage business, located on property in the village of Noank, town of Groton. On that date the use of the proposed building for its intended purpose was a permitted use. Effective June 22, 1974, however, the Noank zoning regulations were amended, as a result of which the intended use of Leary's proposed building became thereafter a prohibited use. Section 13.2.2[1] of the Noank zoning regulations, however, provides specifically for the acknowledgement and continuance of nonconforming uses where construction thereon began prior to June 22, 1974, and was completed within two years thereafter.

On April 20, 1977, because the proposed building had not yet been completed, Leary filed an application with the defendant zoning board of appeals for a variance in the application of § 13.2.2 of the Noank zoning regulations, requesting an extension of time until April 26, 1978, in which to complete the construction of his new building.

On June 2, 1977, the zoning board of appeals granted the requested variance, on the condition that all construction be completed by May 26, 1978. The plaintiff, Donald S. Farrington, an abutting

---

[1] "Section 13.2.2. No nonconformity shall be deemed to have existed on the date this Zoning Ordinance or any amendment thereto became effective, unless: a. The nonconformity has been in existence on a continuous basis and to the fullest possible extent. b. If such nonconformity is a use, such use had not been abandoned within the meaning of Section 13.6.2.

Provided that, nothing in this ordinance shall be deemed to require a change in the plans, construction or designated use of any structure on which actual construction was lawfully begun in good faith prior to such date, provided such construction is diligently pursued to completion within two years following such date. Actual construction is hereby defined to include the placing of construction materials so they are in a permanent position and fastened to the earth in a permanent manner."

property owner, appealed the decision of the zoning board to the Court of Common Pleas, alleging that the board acted illegally and arbitrarily in granting the variance. On June 26, 1978, the trial court dismissed Farrington's appeal and ordered that the period for the completion of Leary's building be extended to June 22, 1979. Upon the granting of certification, Farrington appealed to this court, assigning error in the conclusions of the trial court.

In his April, 1977 application to the zoning board, Leary requested a variance in the time limitation imposed by § 13.2.2 of the regulations, which section permits the completion and use of a building on which "actual construction" was commenced in good faith prior to June 22, 1974, the date of the zoning amendment. "Actual construction" is defined in the zoning regulations as "the placing of construction materials so they are in a permanent position and fastened to the earth in a permanent manner." Zoning Regulations of Noank, § 13.2.2. In order to come under § 13.2.2 of the zoning regulations of Noank, it was therefore necessary for Leary to show that "actual construction" on his proposed building had commenced prior to June 22, 1974.

The record of the proceedings before the board discloses that the board made no finding that any construction on the proposed building occurred prior to June 22, 1974. Neither did the trial court, in affirming the board's issuance of the variance, recite any facts from which it could reasonably be concluded that "actual construction" of the building had been commenced prior to June 22, 1974.

To the contrary, the record reveals clearly that "actual construction" as that term is defined in the zoning regulations did not *begin* on the building

until the spring of *1976*. In a letter to the Noank zoning commission, dated March 8, 1977, Leary himself wrote: "During 1975 I had to do the site work in preparation for the new building . . . . The above was all that I did in 1975. Early in 1976 I framed the building and worked on it on and off all during 1976 and as late as December." In a letter dated March 3, 1977, the zoning enforcement officer of Noank wrote as follows to Leary concerning the proposed building: "Town Building Records indicate that a building permit was applied for on April 26, 1974. However, inspection of this property indicates that construction on this structure has only just begun."

To be entitled to a variance, an applicant must show that because of some peculiar characteristic of his property the strict application of the zoning regulations would produce unusual hardship as opposed to the general impact which the regulations have on other properties in the zone. *Laurel Beach Assn.* v. *Zoning Board of Appeals,* 166 Conn. 385, 388, 349 A.2d 834 (1974); *Berlani* v. *Zoning Board of Appeals,* 160 Conn. 166, 170, 276 A.2d 780 (1970). In this regard, it is well settled that self-inflicted or self-created hardship is not considered grounds for a variance. *Abel* v. *Zoning Board of Appeals,* 172 Conn. 286, 289, 374 A.2d 227 (1977); 2 Yokley, Zoning Law and Practice (3d Ed.) § 15-8, p. 159. Accordingly, where the claimed hardship arises from the applicant's failure to act, a zoning board lacks power to grant a variance. *M. & R. Enterprises, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 280, 282, 231 A.2d 272 (1967).

The record in the present case reveals not only that actual construction on the proposed building had not begun until almost two years *after* the June,

1974 deadline of § 13.2.2, but also that Leary's failure to complete construction within the time prescribed by the zoning regulations or within the time as extended by the zoning board was due solely to a lack of diligence on the part of Leary. In his letter of March 8, 1977, to the zoning commission, Leary admitted, "I know I could have finished the building in 1975 or 1976; however, not knowing that it had to be completed by a certain date, *I didn't hurry."* (Emphasis added.) Indeed, the record discloses that the proposed building was still not completed in June of 1978, for the trial court on June 26, 1978, granted Leary yet another extension, until June 22, 1979, in which to complete his building.

It is well settled that a court, in reviewing the action of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own. "Upon appeal the function of the court is [limited] to examin[ing] the record of the hearing before the board to determine whether the conclusions reached are supported by the evidence that was before [the board]." *O'Donnell* v. *Police Commission,* 174 Conn. 422, 426, 389 A.2d 739 (1978); *Calandro* v. *Zoning Commission,* 176 Conn. 439, 408 A.2d 229 (1979).

While the trial court, in its memorandum of decision, states that "[t]he Leary property is not desirable for residence or other use permitted in village residential zones," the record reveals, first, that the zoning board made no such finding and, second, that there was no evidence in the record from which the court could properly reach such a conclusion.

In sum, there is nothing in the record to support a finding either that "actual construction" on the building had begun prior to June 22, 1974, as was

necessary for § 13.2.2 of the zoning regulations to be applicable, or that evidence of "unusual hardship," such as is necessary to sustain the granting of a variance, was present in this case. We conclude therefore that the zoning board, on the basis of the evidence before it, was without power to grant an extension of time in which to complete construction of the proposed boat storage building.

There is error, the judgment is set aside and the case remanded with direction to sustain the plaintiff's appeal.

In this opinion the other judges concurred.