F. OWEN EAGAN *v.* ZONING BOARD OF APPEALS OF
OLD LYME ET AL.
(7802)

SPALLONE, NORCOTT and FOTI, Js.

Argued November 8, 1989—decision released January 23, 1990

*Elizabeth A. Gallagher,* with whom was *Owen P. Eagan* and, on the brief, *Cynthia C. Bott,* for the appellant (plaintiff).

*Thomas F. McGarry,* with whom, on the brief, was *Michael R. Feliciano,* for the appellee (defendant Hugh E. Reilly).

SPALLONE, J. The plaintiff appeals from the trial court's dismissal of his appeal from the granting by the named defendant, the Old Lyme zoning board of appeals (board), of a zoning variance to the defendant Hugh E. O'Reilly (applicant).

The plaintiff contends that the trial court erred (1) in dismissing his appeal where the action of the board was illegal, arbitrary and an abuse of its discretion, and (2) in denying his motion to bring in evidence outside the record challenging the adequacy of the notice of the hearings.

In February, 1987, the applicant applied to the board for a variance to construct a seasonal, single-family house on his property in Old Lyme. The submitted plans described a smaller lot with a shorter front yard setback than specified in the regulations for this R-10 residential zone.

After published notice, the board held a public hearing in April, 1987, at which the plaintiff, an abutting property owner, was heard. On May 5, 1987, the board granted the applicant's requested variance and published the required notice. The plaintiff appealed to the Superior Court, and the applicant was granted party status pursuant to General Statutes § 8-8. During the pendency of the appeal, the plaintiff filed a motion to introduce evidence outside of the record, challenging the adequacy of the notice to him of the public hearing. The court, *Hendel, J.,* denied that motion.

After oral argument, the trial court, *Flanagan, J.,* dismissed the plaintiff's appeal in December, 1988. Following certification by this court, the plaintiff filed this appeal.

I

The plaintiff first claims that the board was without power to grant the applicant's variance because the applicant failed to meet his burden of proving undue hardship. The plaintiff argues that any hardship to the applicant was self-inflicted and arose from his failure to act on a previous grant of a special zoning exception. We disagree.

A variance is authority extended to the owner to use his property in a manner precluded by the zoning regulations. *Burlington* v. *Jencik,* 168 Conn. 506, 508, 362 A.2d 1338 (1975). A zoning board has the power to grant a variance if the variance will not substantially affect the comprehensive zoning plan and if strict adherence to the zoning ordinance would cause unusual hardship unnecessary to achieving the plan's purpose. *Pollard* v. *Zoning Board of Appeals,* 186 Conn. 32, 38–39, 438 A.2d 1186 (1982); *Aitken* v. *Zoning Board of Appeals,* 18 Conn. App. 195, 204, 557 A.2d 1265 (1989). Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control. *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 327, 387 A.2d 542 (1978); *Aitken* v. *Zoning Board of Appeals,* supra, 205.

Appellate review of an agency decision is not a de novo adjudication and the court "is limited to a review of the evidence and reasoning the agency has placed on the record." *Kaeser* v. *Conservation Commission,* 20 Conn. App. 309, 311, 567 A.2d 383 (1989). If the record reasonably supports the agency's conclusions, the agency's decision will not be disturbed. *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* 206 Conn. 554, 573, 538 A.2d 1039 (1988); *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 266, 455 A.2d 339

(1983). The burden of proof is on the plaintiff to demonstrate that the board acted improperly. *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 707, 535 A.2d 799 (1988).

In this case, the trial court reviewed the record and found that the board properly considered the factors for granting a variance and articulated its reasons on the record. The application requested a variance for a use in concert with the comprehensive zoning plan. There was evidence that many houses in the immediate area of the applicant's property were built on lots of the same size or smaller than the applicant's and built with setbacks of the same distance as that proposed by the applicant. See *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 162, 292 A.2d 893 (1972).

Further, the board found that the zoning regulations imposed an undue hardship on the applicant. The board stated that if strictly applied, the area zoning ordinance would render the applicant's property useless, because it would be "impossible to locate a house of any size on the lot as far as the required setbacks in the regulation." The plaintiff correctly states the law that a self-inflicted hardship cannot be proper ground for a variance. *Pollard* v. *Zoning Board of Appeals,* supra, 39; *Spencer* v. *Zoning Board of Appeals,* 15 Conn. App. 387, 390, 544 A.2d 676 (1988). The plaintiff relies on *Farrington* v. *Zoning Board of Appeals,* 177 Conn. 186, 413 A.2d 817 (1979), to argue that the applicant's hardship is self-inflicted. In *Farrington,* the applicant was granted an extension of time on a special permit requiring that construction be completed within two years of its issuance. Id., 188. On appeal, the trial court held that the applicant's own inaction during the term of the permit created a self-imposed hardship, which did not justify the decision of the zoning board to grant the extension. Id., 189–90. The plaintiff here claims that

because the applicant allowed a special permit granted in 1968 to expire without constructing a residence on his property, his inaction for nineteen years constitutes a similarly self-created hardship.

This case is distinquishable from *Farrington.* The plaintiff has not sought an extension of his 1968 permit, but rather has reapplied for a variance. The hardship cited in the current application results from the minimum lot size and setback distance specified in the zoning regulations, not by the applicant's own action or inaction. Cf. *Pollard* v. *Zoning Board of Appeals,* supra, 41 (surveyor error not grounds for variance); *Aitken* v. *Zoning Board of Appeals,* supra, 206 (desire to subdivide property is self-imposed hardship). The current application is neither related to nor dependent upon the expired permit and was granted by the board on its own merits. Further, we find that this board, unlike the board in *Farrington,* supra, 190–91, set forth on the record its reasons for granting the variance.[1]

II

The plaintiff also claims that it was error for the trial court to deny his motion to bring in evidence outside the record to demonstrate that, because he is a seasonal resident, the statutory notice requirements were inadequate to notify him of the public hearings. A court reviewing a zoning board decision on appeal may, at

[1] The board stated several reasons for its decision to grant the variance.

"a. The area pre-existed zoning;

"b. The engineered septic system plan now presented was much better than the one which would have been installed in 1968 when Mr. O'Reilly had been granted permission to build by the zoning commission.

"c. Neighboring property owner offered no objections.

"d. Applicant noted on application that the land would be rendered useless if he was not allowed to build upon it;

"e. Applicant had to move the proposed building forward because of the requirements of the septic system and leaching field area, which made it impossible to locate a house of any size on the lot as far as the required setbacks in the regulation."

its discretion, permit the introduction of supplemental evidence if deemed necessary for the equitable disposition of the appeal or if the record is incomplete. General Statutes § 8-8 (e); *Troiano* v. *Zoning Commission*, 155 Conn. 265, 268–69, 231 A.2d 536 (1967).

It is uncontroverted that the board fully complied with the notice requirements mandated by General Statutes § 8-7, which requires two publications of the notice of the public hearing in a local newspaper of substantial circulation. Although not required to do so, the board also mailed the plaintiff a letter of notification that he received before the hearing. Whatever the claimed inadequacy of notice, the plaintiff attended the public hearing and addressed the board. The board did everything required of it, and more, to notify this plaintiff.

We conclude that the trial court properly applied the relevant law in reviewing the record of the board's granting of the variance and properly determined that the board had adhered to the statutory notice requirements.

There is no error.

In this opinion the other judges concurred.