[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs appeal from a decision of the Zoning Board of Appeals of the Town of Woodbridge, hereinafter referred to as defendant ZBA, in which it granted three variances.
Plaintiffs own property known as 515 Amity Road, Woodbridge which abuts land known as 517 Amity Road, Woodbridge, which is the subject property identified in the application for variances. As abutters, plaintiffs are aggrieved persons within the meaning of8-8(a) of the General Statutes. Smith v. Planning Zoning Board, 203 Conn. 317, 321; Point O'Woods Assn. Inc. v. Zoning Board of Appeals, 178 Conn. 364, 366.
After this appeal was filed, a return of record consisting of Exhibits A through S was filed on January 18, 1990; said exhibits, a view of the subject property and the area surrounding the property, and one or more photographs of the subject property are the materials considered by defendant ZBA. Said photographs are not part of the return. Said return contains the following information.
Defendants Rita Russo and Salvatore Russo are the owners of the subject property which they purchased in 1967. There is an existing house and barn on the subject property.
On June 14, 1988, defendant ZBA granted to defendants Russo variances for this subject property from 3-13(3), 3.43 and 3.13(8) of the zoning regulations. As a result of such action, defendants Russo were permitted to create a rear lot and front lot on the subject property; also said action reduced frontage of the front lot from the minimum 200 feet to 139 feet 11 1/2 inches, it reduced lot size of the front lot from the minimum 65,000 square feet to 53,422.9 square feet and it reduced the lot size of the rear lot from the minimum 97,500 square feet to 63,866.4 square feet.
No appeal was taken from said decision.
On April 12, 1989, defendants Russo filed a second application for a variance for the subject property. Said application was granted; said action varied 3.13(a) as it relates to the proximity of an accessory building to a side line. The return on this case does not show the precise variance sought nor the precise action of the defendant ZBA on said second application.
No appeal was taken from said decision.
On September 4, 1989, defendants Russo filed a third CT Page 2087 application for variances for the subject property of 3.13(3), 3.432, 3.13(6) of the zoning regulations.
In their third application, defendants Russo describe the "`exceptional difficulty or unusual hardship' which results from a literal enforcement of the zoning ordinance and state how this condition is peculiar to your lot and not applicable to the area as a whole" as follows:
 "Due to the unusual Feature Configuration of the Land it would be better for my septic Tank drain Line if I could get a 35 ft set back cause I have a high Elevation (25 ft high mountain Rock formation) Hardship will be in The digging for septic Tank drainage if granted The septic Tank and drain feild would be in a nice flat spot with no Rock formation
 The unusual features and configuration of The Land made me ask for This variances High Elevation, Rock formation as seen in Picture" (sic)
On September 11, 1989, defendant ZBA granted said third application by a vote of four to one.
 "A zoning board of appeals is generally precluded from reversing a prior decision unless there has been a material change of conditions, or other considerations have intervened affecting the merits, and no vested rights have arisen." Rommell v. Walsh, 127 Conn. 272, 277, 16 A.2d 483; St. Patrick's Church Corporation v. Daniels, 113 Conn. 132, 137, 154 A. 343; Wright v. Zoning Board of Appeals, 174 Conn. 488, 492.
Based on this rule, plaintiffs claim that defendant ZBA is precluded from acting on said third application. This claim is rejected for the reason that the record is insufficient to support such a claim.
As a result of said action on the Third application, the front lot was further reduced from 53,422 +/- square feet, the rear lot was increased from 63,806 +/- square feet to 72,656 +/- square feet and the front yard set back for the rear lot was reduced from the minimum of 75 feet to 35 feet; the minimum requirements of the zoning regulations as to size of the front lot is 65,000 square feet and as to size of the rear lot 97,500 square feet.
In reviewing the action of defendant ZBA, this court may "only determine whether the reasons are supported by the record CT Page 2088 and are pertinent to the decision." Molic v. Zoning Appeals,18 Conn. App. 159, 164, 165. "If the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732; 211 Conn. 76. A basis exists in the record to support the action of defendant Zoning Board of Appeals.
 "A variance is authority extended to the owner to use his property in a manner precluded by the zoning regulations. Burlington v. Jencik, 168 Conn. 506, 508, 362 A.2d 1338 (1975). A zoning board has the power to grant a variance if the variance will not substantially affect the comprehensive zoning plan and if strict adherence to the zoning ordinance would cause unusual hardship unnecessary to achieving the plan's purpose. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 38-39, 438 A.2d 1186
(1982); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204, 557 A.2d 1265 (1989). Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control. Smith v. Zoning Board of Appeals, 174 Conn. 323, 327, 387 A.2d 542 (1978); Aitken v. Zoning Board of Appeals, supra, 205." Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 563.
Upon the record defendant ZBA may reasonably, find as it did, that there is a 25 foot high rock formation located on the rear lot, that without variances, installation of an effective septic system probably requires that said rock formation be removed, that removal of said rock formation by drilling and blasting, might well harm property of neighbors, that said rock formation is peculiar to said rear lot, that application of the setback requirements of the zoning regulations to the rear lot creates a hardship in that the rear lot probably could not be used for residential purposes and that granting of the variances would not substantially affect the zoning plan.
Accordingly, plaintiffs have failed to prove by a fair preponderance of the evidence that the defendant ZBA acted illegally, arbitrarily and in abuse of its discretion and the appeal is dismissed.
Ronald J. Fracasse, Judge CT Page 2089