SAKSON NURSERY, INC. *v.* PLANNING AND ZONING
BOARD OF APPEALS OF THE TOWN
OF GREENWICH ET AL.
(10526)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued January 19—decision released March 16, 1993

*James D'Alton Murphy*, for the appellant (plaintiff).

*Eugene F. McLaughlin, Jr.*, assistant town attorney, with whom, on the brief, was *James W. Macauley*, assistant town attorney, for the appellee (named defendant).

O'CONNELL, J. The plaintiff appeals from the judgment of the trial court upholding the decision of the defendant Greenwich planning and zoning board of appeals terminating the use of the plaintiff's property as a commercial nursery. The plaintiff claims that the trial court improperly (1) failed to find that the municipal zoning regulation existing at the time the zoning board of appeals rendered its decision had been repealed or superseded by General Statutes (Rev. to 1989) § 8-2, as amended by No. 89-277 of the 1989 Public Acts, (2) failed to consider the previous property owner's intent to maintain continuously a legally nonconforming use, and (3) failed to admit or consider evidence of the previous property owner's intent. We affirm the judgment of the trial court.

In 1933, Hildegard Sakson Krueger purchased the subject property and, with her husband, started a small commercial nursery. In 1987, she sold the property to the plaintiff corporation for use as a commercial nursery. Several months after the sale, in response to increased activity at the nursery, the neighbors petitioned the zoning enforcement officer to issue a cease and desist order to the plaintiff and to compel the plaintiff to secure a special exception. The neighbors posited that the nursery business had been abandoned by Krueger and, therefore, that the nonconforming use had

lapsed. The officer declined to issue the order, reasoning that the nursery was operating under an existing permitted use and not a nonconforming use.

The zoning enforcement officer's decision was appealed to the defendant board of appeals by one of the neighbors. The board of appeals found, in accordance with the neighbor's contention, that the small commercial nursery operated by Krueger was a nonconforming use and that it had been discontinued in recent years due to the declining health of the owner. Consequently, it sustained the appeal on two grounds: (1) the right to operate a commercial nursery was a nonconforming use that had lapsed by nonuse,[1] and (2) the proposed use constituted a substantial intensification of the former nursery operation and was, therefore, a change or addition in a nonconforming use in violation of Greenwich Municipal Codes § 6-141 (b).[2]

The plaintiff raised only the first ground on its appeal to the trial court. When the time for appeal expired, without an appeal of the second ground, the plaintiff became bound by it. See *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 489 A.2d 368 (1985). Whether the plaintiff could have prevailed if it had challenged the second ground is now a moot question because this court will not consider issues that are not before it. *Archambault* v. *Wadlow,* 25 Conn. App. 375, 378, 594 A.2d 1015 (1991).

It is fundamental zoning law that where a local board gives more than one reason for its decision, we will sustain the decision on appeal if even one of the stated

---

[1] Greenwich Municipal Code § 6-141 (b) (5) provides: "Where a nonconforming use of land or structure has ceased for a period of one (1) year or more or has been changed to a conforming use, the non-conforming use shall not again be permitted."

[2] Greenwich Municipal Code § 6-141 (b) provides in part that a nonconforming use may not be "changed, altered or added to" except under certain delineated exceptions.

reasons is sufficient to support it. *Levine* v. *Town Plan & Zoning Commission,* 25 Conn. App. 199, 205, 594 A.2d 9 (1991). In the present case, the second reason, which was not challenged, supports the decision as a matter of law. Accordingly, we do not reach the plaintiff's claims that are directed to the first reason.

The judgment is affirmed.

In this opinion the other judges concurred.