[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, George R. Pryde and Eleanor E. Pryde, have filed an administrative or record appeal concerning a decision of the defendant Zoning Board of Appeals of the city of Stamford (ZBA). The decision granted certain variances to David Zell and Wanda Borges, hereinafter referred to as "defendants," permitting them to enlarge an existing garage located on their property at 19 Sound Avenue in Stamford.
The defendant's property consists of 12,500 square feet of lot area and is located in the R-20 zone, where the Stamford Zoning Regulations permit a maximum 15% building coverage[1] and mandate a minimum side yard of five feet[2] and a maximum height of fifteen feet[3] for accessory structures such as a garage. The defendants purchased their home in 1990, and currently located in the rear of their premises is a two car garage which is nonconforming with respect to: (1) building coverage, as the house and garage comprise 18.73% of the total lot area; (2) the minimum side yard requirement, as the garage is located within 2 feet of the property line; and (3) the maximum height permitted since the existing garage is 16.5 feet in height.
The defendants Zell and Borges applied to the ZBA for variances of building coverage and minimum side yard and maximum height requirements in order to expand their existing two car garage to a four car garage of 1,058 square feet in size. The existing structure has approximately 450 square feet. The maximum lot coverage requested was 23.31%, as contrasted with the existing nonconforming 18.73% coverage. As noted above, the zone permits a maximum of 15% lot coverage.
At the public hearing held by the ZBA, the defendants offered to CT Page 429 move the existing garage and the proposed addition further away from the property line in order to conform with the required 5 feet side yard requirement. They also offered to build the addition to the garage at a height not greater than 15 feet in order that the addition comply with the maximum height requirement. In effect, the defendants withdrew their applications for variances of the side yard and height requirements of the Stamford Zoning Regulations, but still sought a variance of the maximum building coverage requirement.
The defendants stated at the public hearing that they needed a four car garage because they had four cars, plus lawn equipment such as a leaf blower and a snow blower, and were currently forced to park two of their vehicles on the street or in the driveway where they were subject to falling sap from an adjacent pine tree, and their car alarms kept going off. At the public hearing, several neighbors voiced opposition to the defendants' proposal and a petition was submitted to the ZBA containing the names of approximately six neighbors who opposed the application.
The application was referred to the Stamford Planning Board[4]
which issued a report recommending denial of the defendants' application on the basis that the proposed four car garage of 1,058 square feet would be "extraordinarily" large on a 12,500 square feet lot.[5] In its four to one decision approving the defendants' application, the ZBA stated: "[t]o deny this variance would deny the applicants reasonable use of the property." The ZBA added that the percentage of building coverage was being increased to 23.21%, and that its approval was conditioned upon: (1) the existing garage and the new construction being located at least 5 feet away from any property line; and (2) any new construction not being higher than 15 feet.
The plaintiffs own property adjacent to that of the defendants, were found to be statutorily aggrieved pursuant to General Statutes8-8(a)(2)(b), and hence have standing to pursue this appeal. This statute provides in relevant part that "any person aggrieved by a decision of a board may take an appeal. . . ." The plaintiffs fit the definition of an "aggrieved person" in 8-8(a)(1) since they own "land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Plaintiffs' complaint alleges that the ZBA did not have authority to grant the lot coverage variance because the defendants failed to display the exceptional difficulty or unusual hardship which are prerequisites to the granting of a variance by a municipal zoning board of appeals. Plaintiffs also contend that Article IV, Section 10A, of the Stamford Zoning Regulations provides, among other things, that nonconforming CT Page 430 buildings "may not be extended or expanded."
As pointed out in Sheridan v. Planning Board, 159 Conn. 1, 4,266 A.2d 396, (1969), the primary basis upon which zoning authority is founded for Stamford is a special act as embodied within the Charter of the City of Stamford, rather than the state enabling legislation contained in Chapter 124 of the General Statutes. The Stamford charter was enacted pursuant to a Special Act of the General Assembly in 1953, 26 Spec. Laws 1228, No. 619. Variances of the zoning regulations are authorized by Section 560 of the Stamford Charter, which provides that the ZBA shall have the same authority found in General Statutes 8-6, viz., a variance is permitted if a literal enforcement of the zoning law would cause "exceptional difficulty or unusual hardship" because of some specific condition affecting a parcel of land.[6] The Zoning Regulations of Stamford also require a finding of unusual hardship and special circumstances in order to justify the granting of a variance. See Article V, Sections 19, 2.1 and 2.2.[7]
Thus, the city charter and the state statute both mandate a finding that the property in question is in some way sufficiently unique as to warrant an exception to the literal enforcement of the zoning ordinance. The case law on the subject of variances confirms that "[a] local zoning board can only grant a variance if adherence to the strict letter of the zoning ordinance [is] shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Citations and internal quotation marks omitted.) Wnuk v. Zoning Board of Appeals,225 Conn. 691, 697, 626 A.2d 698 (1993). "Proof of hardship is . . . a condition precedent to granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control." Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 563,568 A.2d 811 (1990). If, on the other hand, "the claimed hardship arises from the applicant's voluntary act, the zoning authority lacks power to grant a variance." Abel v. Zoning Board of Appeals, 172 Conn. 286,289, 374 A.2d 227 (1977). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of the variance." Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239-40,303 A.2d 743 (1972).
Measured against these criteria, the court finds no support in the record of the ZBA justifying the granting of this variance and therefore must conclude that its decision was, under the circumstances, illegal, arbitrary and an abuse of its discretion. "[T]he ZBA is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or CT Page 431 illegal . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision . . . Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing . . ." Fernandes v. Zoning Board of Appeals, 24 Conn. App. 49, 53, 585 A.2d 703 (1991). It is also axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Fernandes v. Zoning Board of Appeals. Id., 55. Moreover, if any one of the reasons advanced by an agency is sufficient to support its granting of a variance, then its decision must be upheld. Sakson Nursery, Inc. v. Planning and Zoning Board of Appeals, 30 Conn. App. 627, 629,621 A.2d 768 (1993). The court has searched the record to determine whether the ZBA's conclusion was reasonably supported by the record, but has not attempted to weigh the evidence or determine issues of fact. Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190, 413 A.2d 817 (1979).
In this case, the ZBA gave as its only reason for granting the variance that the applicants would otherwise be denied the "reasonable use of the property." Under this theory, if the defendants owned five cars, they would be entitled to a larger garage able to hold five cars, and if they owned six vehicles, yet a larger structure would be permitted. When the defendants purchased the property in 1990, they knew they were buying a two car garage in the R-20 zone, and any hardship they now have is caused by their ownership of four cars and certain lawn equipment. "Where the claimed hardship arises from the applicant's voluntary act . . . a zoning board lacks the power to grant a variance . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved . . . [S]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance . . . [w]here the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance." (Internal citations and quotation marks omitted.) Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39-40,438 A.2d 1186 (1982).
The defendants and the ZBA contend that by moving the garage away from the side property line and reducing the new structure to 15 feet in height, the defendants have eliminated two nonconformities and that the new garage would be less detrimental to the neighborhood than the present structure. The plaintiff George W. Pryde testified, however, that at the present time he and his wife can barely see the existing garage, but if a new one of the dimensions sought by the defendants was constructed, CT Page 432 they would be staring at a "30 foot wall" in their backyard. In any event, the law does not permit the granting of a variance because an applicant is able to cure several existing nonconformities.
The defendants also claim that a hardship sufficient to justify a variance exists because the zone of the subject premises was changed in 1985, and hence the building coverage was caused to be nonconforming. When the zone was changed in 1985 to R-20 to permit a maximum of 15% building coverage, the subject premises already had 18% coverage, so this application represents an attempt to increase the degree of nonconformity. Moreover, as pointed out previously, the defendants purchased their home in 1990, five years after the zone change to R-20, and therefore are chargeable with knowledge of the requirements of the new zone, including percentage of building coverage.
For the foregoing reasons, the appeal of the plaintiffs is sustained, and the decision of the defendant Stamford Zoning Board of Appeals is reversed.
So Ordered.
Dated at Stamford, Connecticut, this day of January, 1994.
William B. Lewis, Judge