[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Peter Armstrong, has filed an administrative or record appeal of a decision by the defendant, Zoning Board of Appeals of the town of Westport (ZBA). The ZBA granted the application of Robert C. Gill (hereinafter referred to as the defendant) for variances of front, side and rear setbacks and lot and building coverage requirements of the Westport zoning regulations to permit raising the second floor dormers at the front and rear of the house, and adding a kitchen, and a detached two-car garage at his property at 6 Westport Avenue, Westport.
The subject property consists of approximately 5,000 square feet, 50 feet frontage and 100 feet in depth, and is in the Residence A zone, which permits a minimum lot size of one half of an acre. The lot is legally nonconforming as to area, however, because it preexisted the enactment of zoning regulations in 1927. This nonconforming status in turn affects the requirements for side and rear setbacks which would otherwise exist for the A zone. Chapter 6, § 3 of the Westport zoning regulations provides that "an addition to an existing structure on a non-conforming lot shall comply with all applicable requirements of the zoning district in which it is located, except for setbacks." Nonconforming lots having less than 6,000 square feet, as does the subject premises, must have a minimum 7.5 foot side setback and a minimum of 15 feet respectively for accessory buildings. CT Page 13633 Westport zoning regs., c. 6, § 3.1.[1]
The ZBA held a public hearing on November 12, 1997, and in a decision of that same date granted, in part, Mr. Gill's application for variances. As the reason for its action, the ZBA stated that the defendant's property was a "non-conforming lot." The ZBA denied the request for a carport, but approved the construction of a garage 12 feet by 22 feet, to be located one foot from the side property line and two feet from the rear property line, instead of the required 7.5 feet and 15 feet, respectively.
The plaintiff then appealed to this court, pursuant to General Statutes § 8-8(b), and alleged that the ZBA acted illegally, arbitrarily and in abuse of its discretion for several reasons: (1) the ZBA did not give an adequate reason for granting the variances; (2) the defendant did not prove hardship; (3) the defendant's property does not have any unusual characteristics not common to other nearby properties; and (4) the decision by the ZBA is not supported by the record. The plaintiff has indicated that he is contesting only the location of the garage, not the other variances granted by the ZBA.
At a hearing held by this court on July 23, 1998, the plaintiff was found to be aggrieved pursuant to General Statutes § 8-8(a)(1), and hence to have standing to pursue this appeal, as he owns property at 9 Norwalk Avenue, Westport, which is directly behind and abuts the subject premises to the south owned by the defendant.
Under General Statutes § 8-6(a)(3) a zoning board of appeals may "vary application of the zoning . . . regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
The Supreme Court in Reid v. Zoning Board of Appeals,235 Conn. 850, 670 A.2d 1271 (1996), reviewed the law pertaining to variances, which it described as "well-settled." Id., 856." CT Page 13634 "Section § 8-6(a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where,owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship . . . A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone . . . Variances cannot be personal in nature, and may be based only upon property conditions . . . In fact, we have stated that [p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." (Citations omitted; internal quotation marks omitted.) Id., 856-57.
The Westport zoning regulations contains criteria for granting variances which are similar to General Statutes § 8-6(a)(3), viz., a variance is permitted "solely with respect to a parcel of land where owing to conditions especially affecting such parcel of land but not affecting generally the district in which it is situated, a literal enforcement of such zoning regulations would result in exceptional difficulty or unusual hardship. " Westport zoning regs., Chap. 46, § 3.2. "Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control." Eagan v. ZoningBoard of Appeals, 20 Conn. App. 561, 563, 568 A.2d 811 (1990).
As to the standard of review for this court to employ in reviewing the granting of a variance, it was held in Jaser v.Zoning Board of Appeals, 43 Conn. App. 545, 684 A.2d 545 (1996), that "[i]t is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the CT Page 13635 credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency . . . The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Where the board states its reasons on the record we look no further . . ." (Citations omitted; internal quotations omitted.) Id., 547-48.
It is axiomatic that, in an administrative appeal, a plaintiff has the burden of proving that "substantial evidence does not exist in the record as a whole to support the agency's decision." Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587,628 A.2d 1286 (1993). Moreover, if any one of the reasons advanced by an agency is sufficient to support its granting of a variance, then its decision must be upheld. Sakson Nursery, Inc.v. Planning and Zoning Board of Appeals, 30 Conn. App. 627,629-30, 621 A.2d 768, cert. denied, 226 Conn. 908, 625 A.2d 1379
(1993). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not to attempt to weigh the evidence or determine issues of fact. Farrington v. Zoning Board of Appeals,177 Conn. 186, 190, 413 A.2d 817 (1979).
In this case, the resolution adopted by the ZBA in granting the variances did not give any reason for its approval of the request for variances, except to say that the lot was "nonconforming."[2] As stated in Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 208, 658 A.2d 559 (1995), if a board does not state its reasons for granting a variance, the court must search the record to find the basis for the decision, and if none can be found, then the action of the board cannot be upheld.
The ZBA and the defendant claim that the agency found the requisite hardship because the defendant's lot is in a flood plain zone and is subject to flooding. There was a garage in the basement but it was blocked off because water came into the basement from a driveway that sloped down in that direction. The defendant used this basement "garage" for storage purposes only, and not for parking a motor vehicle. The defendant's representative indicated at the public hearing that he wanted to erect the new garage in question for additional storage. ("I need more additional storage space . . . we would like to have a CT Page 13636 garage for a storage building.")
A review of the record indicates that hardship is lacking as the defendant is currently making use of his property as a residential dwelling. A variance was sought because the defendant wanted to add a garage to his property, but the request violates the zoning regulations. This is not a case where a property owner is being deprived of all practical use of his property. As noted in Bloom v. Zoning Board of Appeal, supra, 233 Conn. 210-11 n. 13, "the fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable hardship. If it is a hardship to not be able to use one's property as one wishes, then most setback variances would have to be granted." (Internal quotation marks omitted.) The court also approved the proposition that "limitations imposed by the shape of the lot do not in themselves create a hardship. " (Internal quotation marks omitted.) Id., 210. Thus, there are no exceptional circumstances or hardships that can be discerned from the record which would justify the granting of variances for the proposed garage. Furthermore, the defendant voluntarily used his former garage for storage after blocking it off, and now is using the result of this action as a reason to construct a second garage which happens to violate the zoning laws and also would be used for storage purposes. In that sense, this is a self-created hardship of the kind referred to in Kulak v. Zoning Board ofAppeals, 184 Conn. 479, 481, 440 A.2d 183 (1981) ("the hardship found by the board had been voluntarily assumed by the applicant and could not constitute grounds for the grant of a variance.")
Additionally, this is not a case where the court is "impermissibly substitut[ing] its judgment" for that of the local agency; see Conetta v. Zoning Board of Appeals, 42 Conn. App. 133,140, 677 A.2d 987 (1996); but rather where the ZBA itself does not describe any hardship or exceptional circumstances or uniqueness of the lot, and where none can be found in the record. The whole area near the subject premises is in a flood plain zone, and why this particular property is "unique" is difficult to discern. As was noted in Jaser v. Zoning Board of Appeals,supra, 43 Conn. App. 548, "[D]isappointment in the use of property does not constitute exceptional difficulty or unusual hardship . . . It is well established that the power to grant a variance should be sparingly exercised." "To establish a hardship under General Statutes § 8-6, an applicant must show not only that he is thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the CT Page 13637 value of that land." Id., 546 n. 2.
Because there is not substantial evidence in the record to support the finding by the ZBA that a hardship existed, and based on the standard of review of decisions of a zoning board of appeals, the granting of the requested variances for the garage was not warranted. Therefore, the appeal of the plaintiff is sustained and the decision of the ZBA is reversed. Costs are to be taxed by the chief clerk in accordance with General Statutes § 52-257 and Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of November, 1998.
William B. Lewis, Judge