[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kenneth A. Schwartz, has filed an administrative or record appeal of a decision by the defendant Zoning Board of Appeals of the city of Stamford (ZBA). The ZBA granted variances to Karen A. Murphy CT Page 9621 and Katherine A. Murphy, also joined as defendants, permitting them to use three accessory buildings, a cottage, a greenhouse and a garage, located on their property at 68 Saddle Rock Road, Stamford.
The ZBA, however, imposed certain conditions. The Murphys appealed the propriety of these conditions in a companion case, Murphy v. Zoning Boardof Appeals of the city of Stamford, et al, CV 00 0179346, and a memorandum of decision upholding the imposition of the conditions is being issued simultaneously with this decision.
The plaintiff owns property with a residential dwelling thereon at 60 Saddle Rock Road, which is adjacent to the subject premises. At a hearing held on April 5, 2001 for the purpose of establishing aggrievement, the plaintiff was found to be statutorily aggrieved pursuant to General Statutes § 8-8(a)(2)(b). This statute provides in relevant part that "any person aggrieved by a decision of a board may take an appeal. . . ." The plaintiff fits the definition of an "aggrieved person" in § 8-8
(a)(1) since he owns "land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The plaintiff's complaint alleges in summary that the ZBA did not have authority to grant the variances because the Murphys failed to display the exceptional difficulty or unusual hardship which are prerequisites to the granting of a variance by a municipal zoning board of appeals.
As pointed out in Sheridan v. Planning Board, 159 Conn. 1, 4,266 A.2d 396, (1969), the primary basis upon which zoning authority is founded for Stamford is a special act as embodied within the Charter of the City of Stamford, rather than the state enabling legislation contained in Chapter 124 of the General Statutes. The Stamford charter was enacted pursuant to a Special Act of the General Assembly in 1953, 26 Spec. Laws 1228, No. 619. Id. Variances of the zoning regulations are authorized by Section 560 of the Stamford Charter, which provides that the ZBA shall have the same authority found in General Statutes § 8-6, viz., a variance is permitted if a literal enforcement of the zoning law would cause "exceptional difficulty or unusual hardship" because of some specific condition affecting a parcel of land.[1] The Zoning Regulations of Stamford (regulations) also require a finding of "unusual hardship" and "special circumstances" in order to justify the granting of a variance. See Article V, section 19, 2.1 and 2.2.[2]
Thus, the city charter and the state statute both mandate a finding that the property in question is in some way sufficiently unique as to warrant an exception to the literal enforcement of the zoning ordinance. The case law on the subject of variances confirms that "[a] local zoning board can only grant a variance if adherence to the-strict letter of the CT Page 9622 zoning ordinance [is] shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Emphasis deleted; internal quotation marks omitted.) Wnuk v. Zoning Board ofAppeals, 225 Conn. 691, 697, 626 A.2d 698 (1993). "Proof of hardship is . . . a condition precedent to granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control." Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 563,568 A.2d 811 (1990). If, on the other hand, "the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance." Abel v. Zoning Board of Appeals, 172 Conn. 286, 289,374 A.2d 227 (1977). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of the variance." Garibaldi v. ZoningBoard of Appeals, 163 Conn. 235, 239-40, 303 A.2d 743 (1972).
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing. (Citation omitted; internal quotation marks omitted.) Fernandes v. Zoning Board of Appeals,24 Conn. App. 49, 53, 585 A.2d 703 (1991). It is also axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Id., 55. Moreover, if any one of the reasons advanced by an agency is sufficient to support its granting of a variance, then its decision must be upheld.Sakson Nursery, Inc. v. Planning and Zoning Board of Appeals,30 Conn. App. 627, 629-30, 621 A.2d 768, cert. denied, 226 Conn. 908,625 A.2d 1379 (1993). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not attempt to weigh the evidence or determine issues of fact. Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190,413 A.2d 817 (1979).
"The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. . . . [S]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance. . . . [W]here the applicant or his CT Page 9623 predecessor creates a nonconformity, the board lacks power to grant a variance." (Citations omitted; emphasis deleted; internal quotation marks omitted.) Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39-40,438 A.2d 1186 (1982).
When employing this restricted standard of review, the court finds support in the record justifying the granting of this variances by the ZBA. The variances were based on the historic and architectural significance of the three structures, which were built around 1915. The director of the Historic Neighborhood Preservation Program testified before the defendant agency that demolishing these structures would amount to "architectural vandalism." Moreover, the location of the three buildings is legally nonconforming in that their existence preceded the enactment of zoning regulations in Stamford. The consensus of the ZBA's unanimous decision was captured by the remarks of one of its members that: "Well, I have nothing against the variances that are requested. It's only been there since 1915, so I think it would be a shame to tear them down." Therefore, the decision of the ZBA was, under the circumstances, not illegal, arbitrary or an abuse of its discretion because the Murphys demonstrated unusual hardship if required to demolish the three buildings of historic and architectural significance. Accordingly, the appeal of the plaintiff is dismissed, and the decision of the defendant Stamford Zoning Board of Appeals granting permission to the Murphys to use their three accessory structures with conditions is affirmed.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of July, 2001.
William B. Lewis Judge Trial Referee