[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Hilary Cosell, has filed an administrative or record appeal of a decision by the defendant Zoning Board of Appeals of the city of Stamford (ZBA). The ZBA granted certain variances to Douglas Alderman, who was joined as a defendant in this appeal. These variances permitted Mr. Alderman to construct a detached two-car garage on his property located at 1501 Hope Street, Stamford, a corner lot in the RA-1 zone, a one-acre residential zone.
The defendant Alderman applied to the ZBA for two variances. One involved section 6.A of the Stamford Zoning Regulations which provides that: "[n]o accessory building or accessory structure in a Residential District shall be located in any front yard." A corner lot such as the one owned by Mr. Alderman must comply with section 7.M of the regulations which provides that: "[i]n any Residential District, a building erected on a corner lot shall be required to comply with the front yard setback standard on all streets and shall comply with the side yard setback standards for all other yards. There shall be no rear yard required." The other variance sought and obtained was of section 6.D which provides that accessory buildings such as garages may only have one story and not exceed fifteen feet in height.[1]
Thus, the defendant Alderman has in effect two front yards, on Hope Street and on Camelot Court, and he was obliged to comply with the front yard setback requirements for constructing a garage on his front yard near Camelot Court, where the plaintiff lives. The proposed garage would be located approximately 40 feet from Camelot Court which is Mr. Alderman's front yard because he has a corner lot.
The application for variances was approved on September 8, 1999, with four board members in favor and one opposed. The ZBA stated that the two variances were granted so that a detached garage could be constructed "in the front yard and be greater than one story at the front elevation." There was no indication in the ZBA's decision of the nature of the CT Page 11625 hardship that warranted the granting of such variances.
At a hearing held in this court on May 30, 2002 for the purpose of establishing aggrievement, the plaintiff, who owns a home at 20 Camelot Court which is adjacent to and abuts the subject premises, was found to be statutorily aggrieved pursuant to General Statutes § 8-8 (a)(2)(b). This statute provides in relevant part that "any person aggrieved by a decision of a board may take an appeal. . . ." The plaintiff fits the definition of an "aggrieved person" in § 8-8 (a)(1) since she owns "land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The plaintiff's complaint alleges in summary that the ZBA did not have authority to grant the variances because Mr. Alderman failed to display the exceptional difficulty or unusual hardship which are prerequisites to the granting of a variance by a municipal zoning board of appeals.
As pointed out in Sheridan v. Planning Board, 159 Conn. 1, 4,266 A.2d 396, (1969), the primary basis upon which zoning authority is founded for Stamford is a special act as embodied within the Charter of the City of Stamford, rather than the state enabling legislation contained in Chapter 124 of the General Statutes. The Stamford charter was enacted pursuant to a Special Act of the General Assembly in 1953, 26 Spec. Laws 1228, No. 619. Id. Variances of the zoning regulations are authorized by Section 560 of the Stamford Charter, which provides that the ZBA shall have the same authority found in General Statutes § 8-6, viz., a variance is permitted if a literal enforcement of the zoning law would cause "exceptional difficulty or unusual hardship" because of some specific condition affecting a parcel of land.[2] The Zoning Regulations of Stamford (regulations) also require a finding of "unusual hardship" and "special circumstances" in order to justify the granting of a variance. See Article V, section 19, 2.1 and 2.2.[3]
Thus, both the city charter and the state statute mandate a finding that the property in question is in some way sufficiently unique as to warrant an exception to the literal enforcement of the zoning ordinance. The case law on the subject of variances confirms that "[a] local zoning board can only grant a variance if adherence to the strict letter of the zoning ordinance [is] shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Emphasis deleted; internal quotation marks omitted.) Wnuk v. Zoning Board ofAppeals, 225 Conn. 691, 697, 626 A.2d 698 (1993). "Proof of hardship is . . . a condition precedent to granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control." Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 563,568 A.2d 811 (1990). It on the other hand, "the claimed hardship arises CT Page 11626 from the applicant's voluntary act, a zoning board lacks power to grant a variance." Abel v. Zoning Board of Appeals, 172 Conn. 286, 289,374 A.2d 227 (1977). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of the variance." Garibaldi v. ZoningBoard of Appeals, 163 Conn. 235, 239-40, 303 A.2d 743 (1972).
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994). "Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing. (Citation omitted; internal quotation marks omitted.) Fernandes v. ZoningBoard of Appeals, 24 Conn. App. 49, 53, 585 A.2d 703 (1991). It is also axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Id., 55.
Moreover, if any one of the reasons advanced by an agency is sufficient to support its granting of a variance, then its decision must be upheld.Sakson Nursery, Inc. v. Planning and Zoning Board of Appeals,30 Conn. App. 627, 629-30, 621 A.2d 768, cert. denied, 226 Conn. 908,625 A.2d 1379 (1993). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not attempt to weigh the evidence or determine issues of fact. Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190,413 A.2d 817 (1979).
It is also well recognized, however, that: "[i]n light of the existence of a statutory right of appeal from the decisions of local zoning authorities . . . a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty. . . ."Quality Sand Gravel, Inc. v. Planning Zoning Commission,55 Conn. App. 533, 537, 738 A.2d 1157 (1999).
Moreover, "[t]he hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. . . . [S]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance. . . ." (Citations omitted; emphasis CT Page 11627 deleted; internal quotation marks omitted.) Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39-40, 438 A.2d 1186 (1982).
In this case, the resolution adopted by the ZBA in granting the variances did not give any reason for its approval of the request for variances. As stated in Bloom v. Zoning Board of Appeals, 233 Conn. 198,208, 658 A.2d 559 (1995), if a board does not state its reasons for granting a variance, the court must search the record to find the basis for the decision, and if none can be found, then the action of the board cannot be upheld.
The ZBA claims that the agency found the requisite hardship because the defendant's lot is a corner lot and hence has an "irregular shape or topography," which "may constitute an unusual hardship." This argument is not persuasive since, although Mr. Alderman's lot is a corner lot, there are many corner lots in Stamford
A review of the record indicates that hardship is lacking as the defendant Alderman is currently making use of his property as a residential dwelling. Variances were sought because the defendant wanted to add a garage to his property in an area violating the zoning regulations. This is not a case where a property owner is being deprived of all practical use of his property. As noted in Bloom v. Zoning Boardof Appeal, supra, 233 Conn. 210-11 n. 13, "the fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable hardship. If it is a hardship to not be able to use one's property as one wishes, then most setback variances would have to be granted." (Internal quotation marks omitted.) The court also approved the proposition that "limitations imposed by the shape of the lot do not in themselves create a hardship." (Internal quotation marks omitted.) Id., 210.
Moreover, on several occasions during the public hearing, the applicant, Mr. Alderman stated to the ZBA that he could build a garage elsewhere on his property without the necessity of a variance.[4]
Thus, there are no exceptional circumstances or hardship which would justify the granting of variances for the proposed garage. When Mr. Alderman purchased his property in 1992, the regulation prohibiting accessory buildings in front yards on corner lots was already in existence. In that sense, this is a self-created hardship of the kind referred to in Kulak v. Zoning Board of Appeals, 184 Conn. 479, 481,440 A.2d 183 (1981) ("the hardship found by the board had been voluntarily assumed by the applicant and could not constitute grounds for the grant of a variance.") "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do CT Page 11628 not provide sufficient grounds for the granting of a variance." Reid v.Zoning Board of Appeals, supra, 235 Conn. 857.
There are many corner lots in Stamford and it is difficult to understand the ZBA's implicit decision that this particular corner lot is unique. One may not build an accessory building in any front yard in a corner lot. As was noted in Jaser v. Zoning Board of Appeals, supra,43 Conn. App. 548, "[D]isappointment in the use of property does not constitute exceptional difficulty or unusual hardship. . . . It is well established that the power to grant a variance should be sparingly exercised." "To establish a hardship under General Statutes § 8-6, an applicant must show not only that he is thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the value of that land." Id., 546 n. 2.
In this case, the granting of a variance for the front yard was not justified because any hardship the plaintiff now has in terms of his inability to construct a garage in a front yard is self-inflicted. The plaintiff bought his property knowing that he did not have the right to erect a garage in the front yard without first obtaining variances of the regulations regarding the location.
"Where the claimed hardship arises from the applicant's voluntary act . . . a zoning board lacks the power to grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. . . ." (Citations omitted; emphasis deleted; internal quotation marks omitted.) Pollard v.Zoning Board of Appeals, supra, 186 Conn. 39-40.
This same axiom was reiterated by the Appellate Court in Kalimian v.Zoning Board of Appeals, 65 Conn. App. 628, 783 A.2d 526, cert. denied,258 Conn. 936, 785 A.2d 231 (2001), when it discussed the doctrine of a "voluntarily assumed hardship." Id., 632. The court held that the application for a variance in that case should have been denied because: "any hardship [the applicant] suffered as a result of being unable to use that property as he had hoped arises not from the application of the ordinance to the property but, instead, from his own conscious decision to purchase the property despite the known prohibition." Id., 633.
Finally, the return of record quotes the chairman of the ZBA, who voted against the application. He said in words that succinctly and aptly sum up this case: "I think it's [the proposed location of the garage] nice for his [Mr. Alderman] convenience. Yeah, it's nice, but I think it detracts CT Page 11629 from the neighbors — from the neighborhood."
Because there is not sufficient evidence in the record to support the finding by the ZBA that a hardship existed, and based on the standard of review of decisions of a zoning board of appeals, the granting of the requested variances for the garage was not warranted. Therefore, the appeal of the plaintiff is sustained and the decision of the ZBA is reversed. Costs are to be taxed by the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of September, 2002.
Willaim B. Lewis Judge(T.R.)