[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 13, 1995, the decision of the defendant, the Zoning Board of Appeals of the Town of Newtown (ZBA), approving the application of Thomas Swan for a variance from the zoning regulations was published in The Newtown Bee. Pursuant to General Statutes8-8 (b), the plaintiffs timely exercised their appeal rights by instituting this administrative appeal on October 28, 1995, by causing a summons and citation to be served on the ZBA.
On August 31, 1995, Thomas Swan applied to the ZBA for a variance from the zoning regulations to permit him to enclose an outdoor staircase on a store he owns with his wife located at 182 South Main Street in Newtown, Connecticut. The two-story building on the premises was used for business purposes prior to enactment of the zoning laws, and the area is currently zoned Residential R-1. The building was then and is now considered a nonconforming permitted use. Swan uses the premises to operate a retail store.
Swan's proposal was to simply enclose an outdoor staircase located at the back of the building so that customers would not have to go outside in order to reach the second floor of the shop. The modification would have the effect of changing the building to a single-use premises. The staircase is covered by a roof overhang of approximately nine feet, and the total square footage that the building would be increased by after the enclosure is approximately 400 feet.
The ZBA held a public hearing on Swan's variance application on September 6, 1995, which hearing was adequately noticed in TheNewtown Bee on August 25, 1995, and September 1, 1995. At the CT Page 8076 hearing, Swan described the changes he wished to make to the building and stated that his reason for wanting to enclose the staircase was to make the building a single-use building. After Swan's presentation, plaintiff Robert Hall spoke out against the proposed variance.
Hall had two main objections to the variance; first, he felt that existing zoning violations should be remedied before Swan's variance application was granted. Second, Hall stated that Swan had not shown that his application was necessitated by a specific hardship, and as such, it legally improper for the ZBA to grant a variance that would expand a nonconforming use.
In a letter to the ZBA dated October 4, 1995, William E. Nicholson, Zoning Enforcement Officer, stated that Swan had corrected any zoning violations that were previously on the premises. On October 4, 1995, the ZBA voted unanimously to approve Swan's application for a variance. Notice of the decision was published in The Newtown Bee on October 13, 1995. Hall timely commenced this appeal.
In his complaint, Hall alleges that the ZBA, in granting Swan's application for a variance, acted illegally, arbitrarily, and in an abuse of its discretion in the following six ways: (1) the ZBA did not specify in its decision "any exceptional difficulty or unusual hardship on which [its] decision [was] based as required by the provisions of Section 8-7
of the Connecticut General Statutes"; (2) Swan did not prove any exceptional difficulty or unusual hardship in support of his application; (3) no exceptional difficulty or unusual hardship exists; (4) any hardship would have been self-created by Swan by virtue of his purchase of property which had a nonconforming use; (5) the variance was granted despite the fact that there were zoning violations on the property; and (6) the ZBA "received information from third parties subsequent to the close of the public hearing on which it based its decision, at least in part."
At the outset, it should be noted that the plaintiffs are statutorily aggrieved since they own property within 100 feet of the subject premises. General Statutes § 8-8(a)(1). Additionally, as noted above, this appeal was timely commenced since the plaintiffs filed this appeal within fifteen days of the notice of decision of the ZBA's approval of the variance. General Statutes § 8-8(b).
The standard of review of a decision of an administrative body is well settled. "In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citations CT Page 8077 omitted; internal quotation marks omitted.) Smith v. Zoning Board ofAppeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied, ___ U.S. ___ , 114 S.Ct. 1190, 127 L.Ed.2d 540 (1994). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted; internal quotation marks omitted.) DeBeradinisv. Zoning Commission, 228 Conn. 187, 198, 635 A.2d 1220 (1994).
"`The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers.'" Frito-Lay, Inc. v. Planning andZoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988), quoting Farrington v. Zoning Board of Appeals, 177 Conn. 186,190, 413 A.2d 817 (1979). Further, "[t]he burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly."Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991).
The plaintiffs presented four arguments in their brief. Their first argument was that the ZBA erred when it allowed the variance because it permitted an expansion of a nonconforming use. Their second argument is that the ZBA erroneously granted the variance in the absence of any showing of "unusual hardship" or "exceptional circumstances" by Swan as required by General Statutes § 8-6. Their third argument is that the lack of "unusual circumstances" or "exceptional difficulty" violates section 11.05 of the Newtown Zoning Regulations. Finally, their fourth argument is that the ZBA improperly granted the variance because it received information after the public hearing "without giving the plaintiffs the opportunity for cross-examination."
The plaintiffs' first argument concerns the fact that Swan did not present any proof that his need for the variance was based on "unusual hardship" or "exceptional difficulty." General Statutes § 8-6 (a) provides, relevant part: "The zoning board of appeals shall have the [power] . . . (3) to determine and vary the application of the zoning bylaws, ordinances regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . . ." CT Page 8078
"A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,597, 575 A.2d 249 (1990). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." Bloom v. Zoning Board of Appeals, 233 Conn. 198, 207,658 A.2d 559 (1995), quoting Dolan v. Zoning Board of Appeals,156 Conn. 426, 430, 242 A.2d 713 (1968). "Proof of hardship is a condition precedent to granting a variance." Kelly v. Zoning Board ofAppeals, 21 Conn. App. 594, 575 A.2d 249 (1990), citing PointO' Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364,368, 423 A.2d 90 (1979).
The record does not reflect any demonstration by Swan that his proposed variance from Newtown's zoning regulations was necessitated by any "unusual hardship" or "extreme difficulty" within the meaning of General Statutes § 8-6. His statements in the record suggest that his desire obtain the variance to enclose the outdoor staircase was twofold: to prevent customers from having to go outside to enter the second floor of his store, and to convert the building to a single-use premises.
Since Swan did not claim any "unusual hardship" or "extreme difficulty," the ZBA could not have considered any. This is not in conformity with § 8-6 of the General Statutes. Accordingly, the appeal is sustained since the ZBA failed to comply with the requirements of General Statutes § 8-6. As such, the court need not address the plaintiffs' remaining contentions.
Stodolink, J.