[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative or record appeal involving a decision of the defendant Zoning Board of Appeals of the city of Stamford (ZBA). The plaintiff is P. Silberman, Inc., which owns property at 633 Hope Street, Stamford. In addition to the ZBA, the other defendant is Granite Development a/k/a Granite Development, LLC (Granite), which owns property at 649 Hope Street.
Granite received zoning approval from the Stamford Zoning Enforcement Officer (ZEO) to construct a warehouse and an automatic car wash on its property. The plaintiff appealed the granting of this permit to the defendant ZBA in accordance with Section 19.1.2 of the Stamford Zoning Regulations (regulations).[1] This section provides that "[a]ny person claiming to be aggrieved . . . by any order, requirement or decision made by the Zoning Enforcement Officer may appeal to the Zoning Board of Appeals as provided in Section 8-7 of the Connecticut General Statutes as amended." General Statutes § 8-7 provides for appeals to a zoning board of appeals of "any order, requirement or decision of the official charged with the enforcement of the zoning regulations." See also General Statutes § 8-6 (a) (1). After a public hearing, the ZBA affirmed the decision of the ZEO in a decision dated September 12, 2001. The ZEO's issuance of a permit for the warehouse use is not challenged by the plaintiff and is not an issue in this appeal.
The plaintiff then appealed to this court pursuant to General Statutes §§ 8-8 (b) and 8-10.[2] In its complaint, the plaintiff alleges that, pursuant to General Statutes § 8-8 (a) (1), it is statutorily aggrieved by the decision of the ZBA because it owns property abutting the subject property or within 100 feet thereof and hence is "aggrieved" and has standing to appeal.[3] The plaintiff also alleges that it was classically aggrieved because its "specific, personal and legal interests" in this matter have been injured. At a hearing held by this court on November 22, 2002, the plaintiff was determined to be statutorily aggrieved based on General Statutes § 8-8 (a) (1). CT Page 3223
The standard of review of a decision by a ZBA with respect to the action of a ZEO is well known. "Following an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 82, 626 A.2d 744 (1993). The court must decide whether the regulation was "correctly interpreted" by the ZBA and applied "with reasonable discretion to the facts." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). The issue is only whether the defendant ZBA's decision was arrived at "fairly or with proper motives or upon valid reasons . . ." (Internal quotation marks omitted.) Id.
Finally, "[i]n reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." Francini v. Zoning Boardof Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). It is axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Fernandes v.Zoning Board of Appeals, 24 Conn. App. 49, 55, 585 A.2d 703 (1991). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not to attempt to weigh the evidence or determine issues of fact. Farrington v. ZoningBoard of Appeals, 177 Conn. 186, 190, 413 A.2d 817 (1979).
It is also true, on the other hand, that: "[i]n light of the existence of a statutory right of appeal from the decisions of local zoning authorities . . . a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty." QualitySand Gravel, Inc. v. Planning Zoning Commission,55 Conn. App. 533, 537, 738 A.2d 1157 (1999).
The subject premises are located in the MG (General Industrial) zone in which an automatic car wash is a permitted use as of right. The issue in this appeal is whether, as the plaintiff contends, such use is "subject to Section 11," that is, Article IV, Section 11.D of the regulations.[4]
If the application for the automatic car wash is subject to this section, a permit should not have issued because the site plan submitted by Granite does not comply with subsections 1, 3 and 5 of Section 11.D, i.e., one of the driveways is less than 25 feet in width; both of the driveways are within 10 feet of adjoining property lines; the building CT Page 3224 itself is not set back 30 feet from the adjoining residential district; and the cars waiting to be serviced do not comply with the requirement that at least one-half of the hourly maximum operational capacity be provided off-street parking.
Appendix A, Table II, subsection 59, provides that an "automatic car wash" is a permitted use in the MG zone but "subject to Section 11." This is a very clear and explicit requirement. Section 11.D pertains to driveways, off-street parking, distances between street lot lines, parking set backs, landscaping and screening. The defendant ZBA agreed that the landscaping/screening requirements of the second part of subsection 5 were applicable to Granite's application and ruled that a certificate of occupancy would not be issued until there was compliance by Granite with that specific requirement.
The defendants do not contend that the plan for the car wash complies with all the subsections of 11.D, but they do argue that this section does not apply to automatic car washes in the MG zone. Granite and the defendant ZBA claim that the other requirements of Section 11.D, including the first part of subsection 5, are not applicable for several reasons. The first reason is based on a 1976 amendment by the Stamford Zoning Board providing that a special exception or permit was required for an automatic car wash in the CN, CL and CI zones, but not in the MG zone.
The second reason involves an opinion letter in 1987 from the Stamford Corporation Counsel's office stating that Section 11.D only applied to car washes in the CN, CL and the CI zones, but not the MG zone. Based on this opinion, the ZBA rendered a decision in 1987 finding that Section 11.D was not applicable in a zone similar to that in which the subject premises are located.
First, this 1976 change in the regulations does not purport to change the requirement that Section 11.D applies to the MG zone. The amendment only adds a requirement that carwashes in the three zones indicated require special exception approval, which is not true in the MG zone.
The arguments by the defendants about the corporation counsel's opinion and the 1987 decision are not persuasive in view of the explicit requirements of the Stamford regulations regarding the applicability of Section 11 to automatic car washes in the MG zone. Thus, the decision of the defendant ZBA affirming the ruling of the ZEO is reversed, and the appeal of the plaintiff with respect to that decision is sustained. General Statutes § 8-8 (l). CT Page 3225
Costs are to be taxed by the chief clerk in favor of the plaintiff in accordance with General Statutes § 52-257 and Practice Book §18-5.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of March 2003.
William B. Lewis Judge